(103 So. 436)

No. 26266.

SHERWOOD v. AMERICAN RY. EXPRESS CO.

(March 2, 1925. Rehearing Denied March 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations ⬅705(1)—Driver of automobile truck held at fault in collision with automobile.**

Driver of defendant's automobile truck *held* under facts to have been at fault in collision with plaintiff's automobile at street intersection.

2. **Damages ⬅113—Damages in sum required to make automobile as good as it was at time of collision properly allowed.**

Where, in automobile collision, defendant's driver was at fault, plaintiff was entitled to damages in amount sufficient to make his automobile as good as it was at time of collision.

3. **Damages ⬅113—Damages allowed only for cost of repairing bent frame of chassis, not for installation of new one.**

Where, in automobile collision, only damage to chassis was bent frame, plaintiff was not entitled to cost of installing new chassis, but only to cost of repairing old one.

4. **Damages ⬅113—Damages held not allowable for general deterioration and loss of value of automobile by reason of accident.**

Where, under evidence, plaintiff was entitled to damages in sum sufficient to make his automobile as good to all intents and purposes as it was before accident, alleged damages of general deterioration and loss of value were not allowable.

5. **Damages ⬅113—Defendant held not responsible for plaintiff's delay in having his automobile repaired.**

Defendant responsible for automobile collision *held* to owe plaintiff sum of money required to repair damages to plaintiff's automobile with interest from judicial demand, but was not responsible for damage occasioned by plaintiff's delay in having his car repaired.

6. **Damages ⬅69—Plaintiff's right to legal interest commenced at period when automobile should or might have been repaired.**

Legal interest was chargeable under Civ. Code, art. 1935, on claim of plaintiff for damages to his automobile from time when it should or might have been repaired; plaintiff's right ceasing as to damage at that time other than interest on amount due.

7. **Damages ⬅113—Measure of damages for injury to property is amount of injury with value of its use during time required to repair it.**

Where through injury to property plaintiff is temporarily deprived of its use, measure of damages is amount of injury, together with value of its use during time required by proper diligence to secure its repair.

8. **Evidence ⬅5(2)—Court cannot judicially determine time required to repair automobile injured in collision.**

The Supreme Court cannot notice judicially the time which would be required to make repairs on automobile injured in collision.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Action by Marion C. Sherwood against the American Railway Express Company. Judg-

ment for plaintiff, and defendant appeals. Affirmed.

Hunter C. Leake and Lemle, Moreno & Lemle, all of New Orleans (A. M. Hartung, of New York City, of counsel), for appellant.

Frederick C. Querens, of New Orleans, for appellee.

ST. PAUL, J. This case involves only questions of fact. The trial judge, who saw and heard the witnesses, resolved these facts against the defendant as to the latter's liability to plaintiff for damages, and partly against the plaintiff as to the quantum of damages to which plaintiff was entitled. We see no reason for disturbing that judgment either on defendant's appeal or on plaintiff's answer to the appeal praying for an increase.

## I.

[1-5] There is very little to be added to the written reasons assigned by the trial judge, which are as follows:

"The plaintiff's automobile and the defendant's automobile truck collided at the corner of Lafayette and Magazine streets, and the plaintiff sues for his damages.

"The plaintiff's wife was driving the automobile along Lafayette street towards the river. On approaching Magazine street she brought the automobile to a stop on the projection of the property line of Magazine. This is what the traffic ordinance required her to do. Along Magazine street immediately below Lafayette a number of trucks were parked diagonally to the curb, some of them with the curtains of their tops rolled down; so that at the point where she stopped it was impossible for Mrs. Sherwood to see down Magazine street any considerable distance. She thereupon moved forward very slowly. Meantime the defendant's truck was coming up Magazine. Its speed is characterized by three disinterested and intelligent witnesses as very rapid. If not exceeding the speed limit, the truck was certainly moving faster than was usual (or safe) in that locality. (See Sundmaher v. Railroad Co., 106 La. 111, 30 So. 285.)

"The plaintiff's automobile is a Twin-Six Packard with a long hood; the driver's seat is several feet behind the foremost portion of the car. As the automobile nosed out into Magazine street, the truck, coming up with unchecked speed, struck it at its left-front side. Mrs. Sherwood testifies that the driver of the truck, just before the moment of the collision, swerved slightly to the left, so throwing the rear of the truck somewhat to the right; it was the right rear wheel of the truck which came in contact with the automobile.

"Magazine is a one-way and right of way street; but Lafayette carries heavy traffic. It was the duty of Mrs. Sherwood, beyond complying with the letter of the traffic ordinance, to be circumspect and cautious at such a crossing. It seems to me that she omitted no precaution. The defendant's driver was not absolved of care because he was on a right of way street. Traffic may and must cross streets of that sort, and the defendant's driver, considering that his approach to the corner was concealed from drivers on Lafayette street by the trucks parked below the corner, ought to have kept his truck under control and moderated his speed and watched sharply for crossing vehicles. He gave no heed to the dangers of the situation, and appears not to have seen the plaintiff's automobile until he was about to strike it.

"The defendant's driver was at fault, and the plaintiff must recover. (See Sundmaher Case, supra.)

"The damages were proved by Mr. Parkhouse, head of the repair department of the local representatives of the manufacturer of the automobile. Mr. Parkhouse says that the base of the engine was cracked and while it might be welded the job would not be good and he would not guarantee it. The plaintiff is entitled to have his car made as good as it was, and I allow him $735, the amount estimated by the witness to be required for repairs and new parts needed by the engine. I allow also $49 for a fender, $22.50 for a bumper, and $25 for two hood sills and for the cost of installing these parts.

"The plaintiff claims $800, estimated cost of dismantling the chassis and providing and installing a new chassis. There is no damage here, except that the frame is bent. Mr. Parkhouse says it can be straightened and then will be as good as it ever was, and that the cost of that work will be but $210. The plaintiff is entitled to no more than reparation; on this item $210 is allowed.

"The plaintiff argues that beyond the damages just mentioned the automobile suffered general deterioration and loss of value by reason of the accident, which he fixes at $1,000. According to the plaintiff's witness Parkhouse, the sums allowed will make the car as good,

to all intents and purposes, as it was before; and nothing more can be allowed.

"A further claim is made for the cost of hiring an automobile to replace the damaged one, calculated at $50 a month from the date of the accident 'until the use of his car is restored to him.' This time is still running, for to this date the car has not been repaired. The defendant owes the plaintiff the sum of money which is required to repair the damages occasioned by the negligence of its driver, with legal interest from judicial demand; but it is not responsible for the damage occasioned by the plaintiff's delay in having the car repaired.

"Civil Code, art. 1935. The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these ·damages without proving any loss, and whatever loss·he may have suffered he can recover no more."

"Judgment for plaintiff for $1,041.50, with legal interest from judicial demand and all costs."

## II.

[6, 7] The little to be added to the foregoing is that article 1935, R. C. C., cited above, is not entirely applicable. Certainly - it is applicable from the time when plaintiff's automobile should or might have been repaired. But it was then, and then only, that plaintiff's right ceased as to damages other than interest on the amount due; for "where through an injury to property, plaintiff is temporarily deprived of its use, the measure of his damages is the amount of the injury to the property together with the value of its use during the time required by the exercise of proper diligence to secure its repair," 17 Corpus Juris, p. 878, § 184, note 23. Such is the rule in other jurisdictions, and we think it is no different in this. See Reisz v. Kansas City Southern R. Co., 148 La. 929, 88 So. 120, citing, inter alia, 8 Ruling Case Law, 493.

[8] But we have searched the record in vain for any evidence as to how long it would have required to repair plaintiff's automobile, and since we cannot notice judicially the time which would be required for that purpose, we are constrained to refuse plaintiff an increase, and must let the judgment stand.

We therefore mention this phase of the matter solely that the case may not appear in conflict with the Reisz Case, supra.

### Decree.

The judgment appealed from is therefore affirmed.