No. 2330
Second Circuit Appeal

T. ROY FINCHER v MEYER-GREENWALD CONSTRUCTION CO.

(June 30, 1925, Opinion and Decree)
(July 11, 1925, Rehearing Refused)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Damages—Par. 62, 66
Where an automobile is claimed by plaintiff to have been demolished, and defendant, who claims that it could have been repaired, makes no effort to repair it, no proof being given that it could be repaired. Held, judgment for plaintiff for value of car, the defendant being entitled to the damaged automobile.

(Civil Code, Art. 2315. Editor's note.)

Appeal from Second Judicial District Court of Louisiana, Parish of Webster. Hon. John S. Richardson, Judge.

This is a suit to recover the value of an automobile demolished.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Drew & Drew, of Minden, attorneys for plaintiff, appellee.

Stubbs, Theus, Grisham & Thompson, of Monroe, attorneys for defendant, appellant.

CARVER, J. Defendant appeals from a judgment in favor of plaintiff for $724.23, being $699.23, value of a Ford coupe damaged by the felling of a tree by defendant's employees, and $25.00 paid for medicines and the services of a physician called to treat plaintiff's wife, who was also injured in the same accident.

Defendant admits liability but urges that the judgment of the lower court was excessive.

The item of $25.00 is not contested.

But the claim is that it was error to allow the full price of the car as the District Judge did; that plaintiff should have been allowed only the amount necessary to repair the car; and as this amount is not shown by the evidence, plaintiff should have been non-suited on this item.

We cannot agree with this view.

Plaintiff's petition alleged that the car was demolished and damaged beyond repair, and some of its witnesses so testify. Defendant, it is true, proved that the tires and wheels were not injured and probably the engine was not, though this was not proven. Some other parts, also, might have been salvaged. Defendant also proved that the cost of four new tires and wheels was about $78.50 and that of an engine was $75.00, but it did not prove that the car could be repaired, or what it would cost to repair it. Furthermore, it did not offer to repair it itself or suggest to plaintiff to do so and send it the bill. Neither did it show that plaintiff was financially able to have it repaired.

Defendant cites Armstead vs. Ry. Co., 108 La. 171, 32 South. 456, and Sherwood vs. Express Co., 158 La. 43, 103 South. 436.

In the Armstead case the plaintiff was held not entitled to claim for the total loss of 100 tons of cottonseed which he took no pains to protect though he could have done so at a cost of $50.00. On the contrary, he permitted them to remain exposed to the elements and led and perhaps encouraged his neighbors to make free use of them.

In the Sherwood case there was no pretense that the injured car was damaged beyond repair at a reasonable cost. The chief disputed item was in respect of the chassis which was not broken but merely bent. The proof showed it could have been straightened at a cost of $210.00, which the court decided was the proper amount to allow, and not $800.00, the cost

of buying and installing a new chassis. The court allowed enough to make the car (a Packard twin six) good as new, finding $1041.50 sufficient for this purpose—a relatively small amount compared to the cost of a new car of that kind.

If defendant in this case considered the car worth repairing, it should have offered to take it and give a new one or at least have offered to repair it or request the plaintiff to repair it. Having done none of these things and plaintiff believing that the car was not worth repairing, and having acted and sued in that belief and introduced testimony to that effect, we think the District Judge correctly held that he should recover its full value.

Of course, on paying the judgment the defendant will be entitled to take the damaged car.

The judgment of the lower court is affirmed.

---

ON APPLICATION FOR REHEARING.

REYNOLDS, J. Defendant applies for a rehearing on the ground that our decree substantially amended the judgment appealed from and that therefore the costs of the appeal should have been taxed against plaintiff, appellee.

Our judgment affirmed the judgment of the lower court, and the modification to which defendant, appellant refers was in no sense a modification of the judgment but simply an interpretation of what the meant on a question on which the District judgment of the lower court evidently Judge failed to give a direct expression. But this language used by us in no sense changed the judgment of the lower court.

For these reasons the application for rehearing is refused.