### ROSENTHAL v. MENDEZ

(May 24, 1926. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Action—Par. 10.**
In actions for damages under Article 2315, R.C.C., no default is necessary, whether the damages result from physical injuries or from injuries to property.

Appeal from Civil District Court, Division "E". Hon. Wm. H. Byrnes, Judge.

Action by Jonas W. Rosenthal against Eduardo R. Mendez.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Merrick & Schwarz and H. L. Barnett, of New Orleans, attorneys for plaintiff, appellee.

Guion & Upton and W. W. Ogden, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff's automobile was damaged in a collision with defendant's automobile under circumstances which provoked an admission of liability on defendant's part. This suit results from a failure to agree upon the quantum of damages.

Counsel for defendant quotes the language of Article 2315, R.C.C., to the effect that "every act whatever of man which causes injury to another obliges him by whose fault it happened to repair it", and he argues that the obligation thus imposed by law is not different, in principle, from that which results from the breach of a

conventional obligation, and that in both instances it is an obligation to do, requiring a putting in mora as an essential preliminary to an action in damages. In other words, defendant should have been called upon to repair the damages to plaintiff's automobile and allowed to make the repairs, which he claims could have been made for about two hundred dollars less than actually paid out for that purpose by plaintiff. He does not, however, ask the dismissal of plaintiff's suit, as it would seem he should consistently do, but only that his demand be reduced to the amount which defendant claims he could have had the automobile repaired for.

The extension of this principle to physical injuries, the usual form of action under Article 2315 would lead to embarrassing consequences, for we apprehend that there would be as much difference in estimates of the cost of repairing the human machine as in the case of artificial mechanism, and the right to repair one's own body with such agencies and instrumentalities as we deem necessary or advisable is most too personal to be lightly abandoned to another —to say nothing of damages suffered when "pain and anguish rack the brow".

Counsel recognizes this difficulty but contends that it offers no objection to the limitation of the doctrine he advocates to such actions under Article 2315 as relate to material things such as mechanical devices, etc. The argument is at least novel, but no authority is given in support of it, and we are aware of none. As a matter of first impression we are unresponsive.

The rule, as we understand it, is that the owner of a damaged automobile is entitled to recover the value of the repairs necessary to restore his automobile to its condition before the accident. In this case plaintiff's car was new and, consequently, there can be no question of the repairs having improved its condition, as it was before the accident, as is sometimes the case.

Was the cost of the repairs actually made to defendant's car and paid for by plaintiff reasonable is the only question in this case.

Many witnesses, expert mechanics and others, whose testimony extends over two hundred typewritten pages of the record, devoted much time to that issue. The trial judge, with considerable difficulty, we apprehend, reached the conclusion that $402.25 was the proper award, and we are in no position to say that in this he was manifestly wrong. The rule with respect to findings of fact by a trial court has particular application here. The judgment appealed from is affirmed.