No. 663

First Circuit

———

CAVIN v. HANAGAN

———

(October 8, 1930.   Opinion and Decree.)

———

C. A. Holcombe, of New Orleans, attorney for plaintiff, appellee.

Dudley L. Weber, of New Orleans, attorney for defendant, appellant.

ELLIOTT, J.   George Cavin claims of Rivers B. Hanagan $92.91, the cost of repairing, and $50 as depreciation, a total of $142.91, on account of injuries to his automobile, which he alleges it sustained in a collision with another automobile belonging to and while being driven by said Hanagan.

Plaintiff's automobile was being driven at the time by his son, Willie Cavin, about 15 years of age.

According to plaintiff his son was driving at the time on the right-hand side of the Prescott lane, going east, which was the south side, while defendant, going west, was also driving on the south side of the lane, which was the wrong side for defendant.

That his son, Willie Cavin, seeing defendant's approach on the wrong side of the road, sounded his horn in ample time as a warning to defendant to get on the side on which he belonged, but defendant not looking in the direction he was driving nor giving attention to what he was doing, did not move over as he should have done. That defendant's fault in driving on the wrong side of the road and his negligence in not looking ahead in the direction he was going, nor giving attention to what he was doing at the time, was the cause of the collision and of the damages to plaintiff's car.   That said Hanagan was responsible for the collision and should be required to pay for the damage thereby done.   That defendant at first admitted his liability and promised to pay the amount, but afterwards declined to do so.

Defendant denies the fault and negligence alleged against him by the plaintiff, and denied that he had admitted his liability for said collision.   He alleges in turn that he was driving on the north side of the road.   That the collision was due to the recklessness and excessive speed at which plaintiff's son was driving, and urges

a demand in reconvention against the plaintiff for $29.35 on account of damages which his automobile sustained in the collision.

There was judgment for $92.91 in favor of the plaintiff. Defendant has appealed.

According to the testimony of Willie Cavin and two other parties in the car with him at the time of the collision, the collision was due entirely to the fault of defendant in driving on the wrong side of the road, combined with his further negligence in not looking ahead and giving proper attention to his driving in the direction he was going.

According to Mr. Hanagan and two others who were in his car at the time, the collision was due to the fault of plaintiff's son in driving at a reckless and excessive speed, with resulting inability to control his car.

It is not shown by a preponderance of the evidence that plaintiff's son was driving recklessly and at excessive speed. But plaintiff's claim that defendant was driving on the wrong side of the road, without looking ahead and giving attention to his driving, in the direction he was going, is supported by an equal number of witnesses and by various facts and circumstances. The marks made by the wheels of defendant's car show that at the time of the collision he was on the wrong side of the road. The weight of the evidence also shows that defendant was not at the time looking in front of him, but looking away from the front on the side toward the Kuehnle residence, which he was passing, and waving at the family, who were in their automobile backing out toward the road, and that defendant, looking at and waving at the Kuehnle car and not giving attention to the approaching car in front of him, was the direct cause of the collision and of the damage done to plaintiff's car.

Soon after the accident, a deputy sheriff, apparently disinterested, appeared on the scene, observed the marks on defendant's car in the road and heard him say to Mr. Cavin that he would pay the damage done to his car.

Defendant pulled plaintiff's car to a garage in Baton Rouge and stated to the plaintiff in the presence of the manager there, that he would pay for the damage done to his car, and asked for and obtained an estimate of the amount it would cost. This testimony supports the contentions of the plaintiff that defendant was at fault, and that his negligence caused the collision, and not the excessive speed and reckless driving of plaintiff's son.

The plaintiff filed an answer to the appeal and prayed that the amount claimed for depreciation, which had been rejected in the lower court, be allowed on appeal.

The mechanic who fixed plaintiff's car testifies that he placed it in good condition, putting in new parts in place of those that required replacing, but he estimated that all cars were depreciated in value between $50 and $100 as a result of a collision, but did not state any particular amount that plaintiff's car had sustained.

The proper inference from the testimony in this case is that plaintiff's car has been made as good as it was at the time of the accident, or at least the depreciation cannot be definitely fixed under the evidence. Sherwood v. American Ry. Express Co., 158 La. 43, 103 So. 436.

We think that plaintiff's demand for $50 on account of depreciation was properly refused in the lower court.

The judgment appealed from is correct.

Judgment affirmed. Defendant and appellant to pay the cost in both courts.