## MIDLO v. FAIRCHILD MOTOR CORPORATION.
### No. 14961.

Court of Appeal of Louisiana. Orleans.
Jan. 7, 1935.

James N. Brittingham, Jr., of New Orleans, for appellant.

James C. Henriques, of New Orleans, for appellee.

WESTERFIELD, Judge.

Herman Midlo purchased an automobile from the Fairchild Motor Corporation and, after using it for a while, discovered that the upholstery had become stained or soiled under circumstances which the defendant recognized as involving it with responsibility. The upholstery was replaced by defendant, but in doing so a number of tacks used in the process were too long, with the result that one of the tacks protruded through the body and five or six others caused small dents or bumps to appear. When the tack hole and the bumps were discovered by the plaintiff, the car was returned to the defendant corporation, which offered to weld the body surface and to guarantee the welding for a period of two years. Plaintiff insisted that the guaranty should extend for the life of the car and defendant refused, whereupon Midlo brought this suit claiming $260, the price of a new body.

There was judgment below in favor of plaintiff for $8. He has appealed and defendant has answered the appeal asking that the judgment be amended by dismissing the plaintiff's suit at his cost.

The question succinctly stated is whether the defendant should be required to replace the body with a new one or to be held liable only for the cost of repairing it.

The obligation of the defendant company was to restore the body of plaintiff's automobile to a condition as good as it was before the dents were made in the body. Lambert v. American Box Co., 144 La. 604, 81 So. 95, 3 A. L. R. 612; Sherwood v. American Railway Express Co., 158 La. 43, 103 So. 436.

There is some difference of opinion among the expert witnesses who have testified concerning the effect of welding the body of the car, but we believe that it clearly preponderates in defendant's favor and that it is fair to say that the welding of the defective

part of the automobile body, as proposed by the defendant, could be accomplished and the car restored to a condition substantially the same as it was originally. A piece of metal similar to that used in the construction of plaintiff's car was punctured, welded, and painted by defendant and introduced in evidence. An examination of this exhibit corroborates the view of defendant's experts.

The cost of such a job, the record shows, is between $6 and $10. The lower court awarded the plaintiff $8, and we find no fault with this amount.

For the reasons assigned the judgment appealed from is affirmed, the cost of the trial court to be borne by the defendant, Fairchild Motor Corporation, and the cost of this court by plaintiff, Herman L. Midlo.

Affirmed.