## POTOMAC INS. CO. v. BLAISE. *
### No. 16915.

Court of Appeal of Louisiana. Orleans.

May 30, 1938.

———◆———

*Rehearing denied June 13, 1938.

St. Clair Adams & Son and P. A. Bienvenu, all of New Orleans, for appellant.

Robert Guerard Hughes, of New Orleans, for appellee.

WESTERFIELD, Judge.

The Potomac Insurance Company brought this suit against George Blaise, doing business as "Blaise Parking", as subrogee of the Luckenbach Steamship Company, claiming $450.00. The petition alleges that on November 30, 1934, at about 5:30 p. m. a certain automobile belonging to the Luckenbach Steamship Company was parked with the Blaise University Parking Garage, and that as a result of the negligence and want of care of the employees of Blaise, the automobile was lost or stolen; that at the time of the loss the automobile was worth $900.00; that plaintiff had issued a contract of insurance covering the theft of the automobile and that it paid the assured $850.00 in satisfaction of its loss; that subsequent to the payment of the loss, the automobile, on March 18, 1935, was recovered in a damaged condition and was "to some extent" repaired at a cost of $54.87, and sold to the highest bidder for $455.00, thus causing petitioner a net loss of $450.00, for which it seeks recovery.

The defendant, in its answer, denied that the automobile had been stored with him at the time of its alleged loss and, in the alternative, if the Court should find that the car had been stored with him when stolen, the theft was due to no negligence or fault on his part or on the part of any of his employees.

There was judgment below in favor of defendant dismissing plaintiff's suit and plaintiff has appealed.

We find the following stipulation of agreed facts in the record:—

"That the Potomac Insurance Company issued a policy of insurance against loss by fire and theft covering one certain Dodge Sedan Automobile, Motor No. Dr. 58565, Serial No. 3732101, 1934 Model, under its policy No. A-184577, to Luckenbach Steamship Company; that said policy was in full

force and effect during the months of November and December 1934; that said automobile had a value in excess of Nine hundred ($900.00) Dollars, during said months.

"That the Potomac Insurance Company in keeping with its aforesaid contract of insurance paid to said Luckenbach Steamship Company the sum of Eight Hundred fifty ($850.00) Dollars in accordance with the terms and provisions of said contract and the valuation placed on said automobile at the time of the loss, and that upon payment of said sum the Potomac Insurance Company was subrogated to all of the rights and actions of said Luckenbach Steamship Company against George Blaise, doing business under the name of Blaise Parking; that the subrogation receipt attached to the petition and filed herein is true and correct in so far as it purports to be a subrogation receipt as aforesaid."

On the day the automobile is alleged to have been stolen, it was in the City of New Orleans in the possession of one H. Long, an employee of the Luckenbach Steamship Company. The plaintiff's evidence consists of the testimony of Long and of E. M. Cole of Birmingham, Ala., who was with Long at the time it is alleged that the automobile was stored with Blaise. The testimony of both of these witnesses was taken by commission and is of a most positive character and to the effect that at about 5:30 p. m. on November 30, 1934, the car was left in the Blaise Parking Lot with an attendant and that when Long returned about two hours later, the car was not there and could not be found. These witnesses differ in only one particular and that is concerning the receipt of a check by Long when the car was left at the parking place, Long stating that he obtained no check and Cole that a check had been given. Much is made of this discrepancy in plaintiff's testimony as indicating that it is unreliable.

As opposed to the evidence of these two witnesses presented by plaintiff, defendant offered that of a customer of his garage, A. J. Carroll, who testified that he was present in the garage on the afternoon of November 30th, 1934, between the hours of five and six o'clock and that during that time he saw no car enter the garage which was filled to capacity.

Louis Danflous and Henry Johnson, colored employees of defendant, deny that the car was parked in the garage.

■ We are convinced by the testimony of the two witnesses for plaintiff that the car was delivered to the defendant for safekeeping and was stolen. It is easy for the attendants of the garage to be mistaken, for it is difficult to remember each and every car which is parked during any time on a particular day. Moreover, a record of such cars, which, according to the testimony, was always kept and which record would show all the cars that were in the garage on the day of the alleged theft, could not be produced so that the testimony of defendant's employees lacks important corroboration. Furthermore, it is not likely that Long was mistaken in the garage in which he stored his car. He testified that he had, on previous occasions, parked with the defendant and that he was in the habit of doing so when in New Orleans.

■ Concerning the alternative plea that defendant was not guilty of negligence, it is disposed of by our finding that the car was in defendant's possession when he claims that it was not, because defendant's denial of possession of the car precludes the idea of any care being bestowed upon its safekeeping. He could not have been careful to preserve it, if he did not know he had it.

■ We next consider the question of quantum. It was held in the case of Rosenthal v. Mendez, 4 La.App. 570, that the measure of responsibility for a damaged automobile is the cost of the repairs.

In Sherwood v. American Railway Express Company, 158 La. 43, 103 So. 436, the Supreme Court quoted the following from Corpus Juris, Vol. 17, Page 878:

"Where through an injury to property, plaintiff is temporarily deprived of its use, the measure of his damages is the amount of the injury to the property together with the value of its use during the time required by the exercise of proper diligence to secure its repair". (103 So. 438)

In Huddy's Encyclopedia of Automobile Law, Vol. 17–18, page 524, is found the following:—

"The reasonable value of repairs to an injured automobile is frequently considered as the proper measure, or an element, of damages for the injury. If so, only those repairs which are attributable as resulting from the accident in question are to be considered. In some States, it seems that the value of the repairs is considered the proper measure of damage when the ma-

chine can be repaired, but if not susceptible of repair, the measure is the difference between the value before the accident and afterwards. In some jurisdictions, the cost of the repairs is permitted as the measure of damages, but not to exceed the difference between the value before the accident and afterwards. In such a case, when the cost of repairs is found, the burden is on the defendant to show that such sum is greater than the depreciated value."

The automobile in this case was not recovered until nearly four months after its theft. In the meantime, the plaintiff, because of a provision in its policy requiring it to pay the insured owner the value of the stolen car not later than sixty days after proof of loss, paid the owner $850.00, the amount agreed upon as the value. When the car was recovered, the owner not having any interest in it, it was delivered to plaintiff who had paid for it and an expense of $54.87 incurred in its repair. The car was then sold at private sale with a loss to plaintiff in the whole transaction of $450.00, for which it brought this suit against the proprietor of the garage whence the automobile was stolen. It is, of course, true that the amount claimed represents the loss which plaintiff sustained as the insurer of the owner of the stolen automobile, but it does not follow that it is the measure of responsibility of the defendant. The subrogee of the owner of the automobile can recover no more than the owner could if he were the plaintiff. As we have seen, the measure of the damage for which the defendant is responsible is the cost of the repairs necessary to restore the car to the condition it was before the theft, there being no claim in this suit for loss of use of the car. The only amount of damage which has been proven is the sum of $54.87, which is itemized in plaintiff's petition as follows:—

"Adjust automatic clutch                      $ 2.00
 Adjust and equalize brakes                     2.50
 Remove all rattles and squeaks                 3.50
 Adjust valve tappets                           1.50
 Connect wiring where necessary,
   furnish and install new light
   bulbs necessary                              1.25
 1 New gasoline guage                           4.00
 1 New 16 x 6:25 casing and tube               16.12
 1 New Spare Wheel                             10.50
 Oil and grease                                 1.00
 Wash, rub and simonize                         4.00
 Change motor oil                               1.50
 Towing charge                                  3.50"

A glance at this statement will show that no very serious damage was done to the automobile since most of the items, such as adjusting the clutch, equalizing the brakes, removal of squeaks and noises, oiling and greasing, washing and simonizing the car, changing the oil, may be considered to be maintenance rather than repairs. There are no other items of damage proven in the case, consequently, recovery must be limited to the sum of $54.87.

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the plaintiff, The Potomac Insurance Company, and against the defendant, George Blaise, in the sum of $54.87 with legal interest from judicial demand until paid, and for all costs.

Reserved.