For the reasons assigned, the judgment appealed from is affirmed.

25 So.2d 604

**GOODE v. HANTZ et al.**

No. 37909.

March 18, 1946.

Thomas F. Porter, of Lake Charles, for defendants-appellants.

Plauche & Stockwell and James R. St. Dizier, all of Lake Charles, for plaintiff-appellee.

KENNON, Justice.

The plaintiff's 1942 DeSoto Sedan was damaged in a collision with a Chevrolet truck. Alleging that the several defendants were liable in solido, the plaintiff sued for $2250 "damages to 1942 DeSoto Sedan" and for $1250 "loss of twenty-five days."

The district court found for the plaintiff, awarding $1189.10 damages to his automobile and $423.21 for loss of time.

The defendants, on appeal to this Court, have admitted their liability, asking, however, that the judgment be reduced by eliminating the award for loss of time and reducing the car damage item to the amount necessary to restore the plaintiff's car to the same condition as it was before the accident.

The plaintiff answered the appeal, requesting only that the judgment of the district court be affirmed with costs.

The defendants subsequently filed a motion to remand the case in order that they might show that, since the appeal was perfected, "the plaintiff had had the damage to his car fully repaired for the sum of $743.61," or "for $445.49 less than the amount of damages awarded him by the trial court on this item."

The district judge, on the theory that it was impossible to say how long it would be required to secure the necessary parts to make the proper repairs, fixed the award for damage to the DeSoto Sedan by deducting from the ceiling price of $1689.10 "the salvage value" of the wrecked vehicle, which amount was set by the garage man having it in charge, at $500.

Our study of the record convinces us that the plaintiff, had he elected to do so, could have had his car fully repaired within four or six weeks time with new parts in place of those damaged, except for the decorative mouldings, and that the mouldings on the car could have been made usable.

Mr. Collier, who operates an automobile repair business, testified at the trial that the plaintiff's automobile had been in his possession since the accident; that his charge for repairs would be $743.61; that he had on hand "all the parts, except maybe the trim mouldings * * *"; that at the time of the wreck, he had "a new hood, fenders, and stuff like that * * *"; and that "* * * about thirty days after the wreck, I found out I could get a frame * * * I have the frame in my stock."

The rule of law has long been settled in this State that where an automobile is damaged, the owner is entitled only to

the amount it will cost to place the machine in the same condition as it was before the accident. Folse v. Flynn, La.App., 200 So. 160; Potomac Ins. Co. v. Blaise, La.App., 181 So. 629; Dixon v. Futch, 166 So. 205; Midlo v. Fairchild Motor Corporation, La. App., 158 So. 245; Sherwood v. American Railway Express Co., 158 La. 43, 103 So. 436; Lambert v. American Box Co., 144 La. 604, 81 So. 95, 3 A.L.R. 612; Bianchi v. Mussachi, 1 La.App., 291; Berry, Law of Automobiles, Vol. 5, Sec. 5.229, p. 361 and Huddy's Ency. of Automobile Law, Vol. 17-18, p. 524.

■ We, therefore, conclude that the proper award for damage to the plaintiff's automobile is $743.61. In view of this finding, it becomes unnecessary to pass on the motion to remand.

■ The only other item of damage in the petition was "loss of twenty-five days, $1250.00." There was no allegation of personal injury. Under the jurisprudence of this State, the plaintiff, under normal conditions, is entitled to recover for the loss of the use of the damaged automobile only the rental value of a suitable car during the time required to make the repairs. Maggio v. M. F. Bradford Motor Express, La.App., 171 So. 859; Blitz v. Munson et al., La.App., 159 So. 754; Armour & Co. v. Hicks, 18 La.App. 504, 138 So. 676; and Croft v. Southern Hardwood Lumber Co., 7 La.App. 274.

■ No award can be made for rental value, since the plaintiff made no claim in his petition for such rental value and made no proof of the hiring of another car.

■ In support of his claim for loss of time, the plaintiff introduced testimony that due to wartime conditions, it was no easy job to search the used car market and find a satisfactory second hand automobile. In view of the testimony as to the scarcity of automobile and motor parts, there can be no doubt but that the plaintiff did spend, necessarily, considerable time in attending to matters incident to the repair of the damaged machine and the securing of a suitable substitute. This time loss was a direct result of the collision. We have concluded that an award of $175 would be fair under the circumstances disclosed by the record.

For the reasons assigned, the judgment of the district court is amended by reducing the award to Nine Hundred Eighteen and 61/100 ($918.61) Dollars, and as amended, the judgment is affirmed; the costs of the lower court to be paid by the defendants and the costs of the appeal to be paid by the plaintiff.