186 So.2d 904 (1966)
Arthur E. BERNARD
v.
FIDELITY & CASUALTY COMPANY OF NEW YORK et al.
No. 6663.
Court of Appeal of Louisiana, First Circuit.
May 9, 1966.
Rehearing Denied June 14, 1966.
William K. Christovich, of Christovich & Kearney, New Orleans, for appellant.
Robert J. Mack, of Sims & Mack, Hammond, for appellees.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
In this action plaintiff, Arthur E. Bernard, seeks recompense for property damage to his 1961 Ford Fairlane automobile and certain "financial losses" allegedly incidental thereto resulting from an accident in which the vehicle was struck by a truck owned and being operated by Farley Ben Kinchen, the insured of Fidelity & Casualty Company of New York. The accident in question occurred while plaintiff's vehicle was being towed by a tow car belonging to Hammond Motors, Inc. Named defendants in this action are Kinchen, his aforesaid insurer and North River Insurance Company, the public liability insurer of Hammond Motors, Inc. After trial on the merits, the lower court rendered judgment in favor of plaintiff and against defendants Kinchen and his hereinabove named insurer in the sum of $2,700.00. Plaintiff's demands *905 against defendant North River Insurance Company were rejected. The defendants cast have appealed complaining only that the award is excessive, consequently the sole issue on appeal is that of quantum.
The circumstances of the accident are simply and succinctly stated. On June 15, 1962, plaintiff's vehicle was involved in a minor accident on U. S. Highway 190 near Baptist, Tangipahoa Parish, while being operated by plaintiff's minor son. The vehicle was driven off the highway and a tow car of Hammond Motors, Inc. was summoned. Investigation disclosed the accident resulted in relatively minor damage to the front of the vehicle, the monetary extent of which is not shown in the record. Plaintiff's vehicle was attached to the tow car and while in transit was struck from the rear by the truck being driven by Kinchen, the impact completely demolishing appellee's vehicle.
Appellee's claim for "financial losses" is predicated on the ground that plaintiff required transportation in his business and because of the total destruction of his car was compelled to purchase another vehicle. Being financially unable to simultaneously pay notes on two automobiles, plaintiff defaulted in his obligation to Universal C.I.T. Corporation which concern held a chattel mortgage on the wrecked automobile. The aforesaid mortgagee sued plaintiff and obtained default judgment in the sum of $2,355.00 plus interest and costs. This additional sum is attributed by plaintiff to the accident in question.
The evidence establishes that plaintiff paid $3,300.00 for the automobile ten months prior to the accident and that at the time of its accidental demolition the vehicle was in excellent condition.
Mr. Lionel Borden, the Ford automobile dealer in Hammond, Louisiana, testified to the extraordinarily good condition of appellee's vehicle explaining that plaintiff was most fastidious about his car and took particular pains to immediately attend to any defect or complaint which appeared. Notwithstanding the vehicle had been driven 24,000 miles in the ten months following its purchase by plaintiff, Mr. Borden considered the vehicle's condition to be "at least average", probably better than average. Based on his knowledge of the vehicle and valuations appearing in the N.A.D.A. official used car guide book, Borden assigned the vehicle a worth of $1,835.00 plus the additional sum of $150.00 because it was equipped with an automatic transmission, making a total valuation of $1,985.00. Borden also stated his assessment represented an average market value which concededly might vary 10% to 15% depending on the condition of a vehicle.
It appears the automobile had a salvage value of $176.00 which, deducted from the value of the car, fixed the damages in the sum of $1,809.00 based on average value of such a vehicle. While we are convinced the vehicle was worth more than the average of its kind because of its unusually good and clean condition so that an additional 10% value might be attributed thereto, we must also take into consideration it received some damage in the previous accident for which defendants herein were in no way responsible. Granting such damages were not extensive, it nevertheless appears the front bumper, fender and hood and the radiator hose received some damage in the previous mishap. Said prior damages considered, it is most unlikely the vehicle's value was greater than average following the initial collision.
In the event of total demolition of a motor vehicle, the measure of damages to which the owner is entitled is the market value of the vehicle less its salvage value, if any. Greenberg v. New Orleans Public Service, La.App., 74 So.2d 771; Thomas v. Checker Cab Company of New Orleans, La. App., 90 So.2d 395; Jenkins v. A. R. Blossman, Inc., La.App., 60 So.2d 131.
In effect plaintiff's claim for the "financial losses" mentioned is a demand predicated upon loss of use of his vehicle. It is well settled in our jurisprudence that *906 where an automobile is damaged to such extent its repair is inadvisable because the cost of repair approximates or exceeds its market value, (commonly referred to as a "total loss"), the owner may recover only for loss of its use during such reasonable time as is required to determine whether it is in fact a total loss. Drewes v. Miller, La. App., 25 So.2d 820; Vest v. State, Through Dept. of Highways, La.App., 90 So.2d 896; Morgan v. Hartford Accident & Indemnity Co., La.App., 100 So.2d 279.
Plaintiff in the instant case did not establish the length of time required to ascertain his vehicle was a total loss, if in fact such circumstance was not immediately apparent. Neither did plaintiff show the incurrence of any transportation expense for the rental or hire of a replacement vehicle during the interval it was being determined his automobile was a total loss. Defendants' obligation to respond in damages cannot, in cases such as that before us, be measured by the plaintiff's obligation to a financial institution holding a chattel mortgage on the damaged vehicle. We are unaware of any authority which imposes on a tort-feasor the burden of discharging the indebtedness secured by mortgage or other privilege upon property destroyed or damaged.
Under the circumstances existing herein the trial court erred in awarding plaintiff judgment in excess of the value of the vehicle demolished.
For the reasons hereinabove set forth, it is ordered, adjudged and decreed the judgment of the trial court be and the same is hereby amended to reduce the award in plaintiff's favor from the sum of $2,700.00 to the amount of $1,809.00, plus interest at the legal rate of five (5%) per cent per annum from date of judicial demand, until paid, and all costs incurred in the trial court. Costs of this appeal to be paid by plaintiff-appellee.
Amended and affirmed.