McBRIDE, Judge.
Plaintiff had his car painted a lavender color in defendant’s establishment at ,a cost of $154.50. The car was delivered to plaintiff’s wife on November 1, 1965, upon her payment of defendant’s bill in the amount of $154.50. Defendant at the time gave a written “Guarantee against chipping or peeling for 90 days”.
Plaintiff filed this suit May 17, 1966, demanding of defendant the sum of $173.-04 on the allegations that defendant’s workmanship was of poor quality, that the paint chipped and peeled well within ninety days, and that it is necessary the car be repainted, the sum claimed being the amount of the higher of two bids defendant obtained therefor. Defendant admitted the performance of the work and his having given the written guarantee, but denied all other allegations of plaintiff’s petition.
After a trial on the merits in the First City Court of New Orleans judgment was rendered in favor of plaintiff and against the defendant for $163.20 (the amount of the low bid); defendant has appealed.
The automobile in question is a 1961 Cadillac, the paint thereon having been damaged by Hurricane Betsy in September, 1965, hence the necessity for the repainting which defendant performed.
While the plaintiff and his wife claim that the paint applied by defendant deteriorated through chipping and peeling during the guarantee period, they made no complaint to the defendant until the automobile was taken to his shop five months after the care had been delivered. Plaintiff endeavored to show that he gave defendant notice of the bad quality of the paint job during the ‘ninety days through a Mr. Regan, an insurance adjuster. Regan testified that he called defendant by telephone and told him that the paint was chipping and peeling, but the witness did not know when he made the call and there is nothing showing that defendant was notified during the ninety-day period of defects in his work. At any rate, Regan testified that upon his telling defendant that the paint job was unsatisfactory defendant replied: “ * * * have them bring the car back in and they would take care of them”.
That “ * * * they would take care of them” seems to have been defendant’s attitude throughout the controversy regarding his job. When the car was brought to defendant’s shop, five months after its delivery to plaintiff’s wife and 60 days after the guarantee period had elapsed, defendant was still willing to retouch the portions of the car from which the paint had peeled or chipped, but plaintiff was adamant and demanded that defendant repaint the car, which defendant refused to do.
The only expert testimony in the record regarding the paint job emanated from the defendant. He testified that he paints over 100 cars per year. Plaintiff produced no *432 experts, but relied on his own testimony and that of his wife to demonstrate to the court that the whole car needed repainting. Defendant’s position is that a full repainting job was unnecessary and that the retouching would remedy any defects. He testified that the retouching of the bad spots on the car would ordinarily cost $25, which price he stated he would have charged any other person who brought in a car in a similar condition.
Under the guarantee the obligation of the defendant was to restore the body of plaintiff’s automobile to a condition as good as it was when the car was delivered to plaintiff’s wife. Lambert v. American Box Co., 144 La. 604, 81 So. 95, 3 A.L.R. 612; Sherwood v. American Ry. Express Co., 158 La. 43, 103 So. 436; Midlo v. Fairchild Motor Corporation, La.App., 158 So. 245.
We have analyzed and compared the testimony of plaintiff, his wife and that of defendant and we conclude that, had plaintiff allowed it, defendant could and would have, without cost to plaintiff, satisfactorily retouched the bad spots on the car so as to bring the paint back to the condition it was when delivered to plaintiff’s wife. In our view- that was the only legal obligation imposed upon defendant as the result of his guarantee.
We stated above that plaintiff had obtained two bids for the cost of repainting the automobile. One is dated April 29, 1966, and the other May 2, 1966, both dates being far beyond the expiration of the guarantee period. The bids were for a complete repainting of the automobile. However, the persons who made the bids were not produced as witnesses nor was it shown that the bidders believed that plaintiff’s car was in such condition that a repainting thereof was necessary. Moreover, there may have been material changes in the cost of labor and paint in the interval of several months between the delivery of the car to plaintiff’s wife and the estimates. It can hardly be gainsaid that with the passage of time the paint on the vehicle would deteriorate. Sunseri v. Fabre, La.App., 92 So.2d 407.
The fact that the trial judge before rendering his judgment viewed the automobile is of no moment because the trial was not held until about one year after defendant’s work was performed. Any number of things could have happened which would tend to deteriorate the paint on the automobile during such period.
Under R.C.C.P. art. 2164, this court is authorized to render any judgment which is just, legal and proper upon the record on appeal. We believe that all the plaintiff was entitled to was to have his car restored to its original condition, which defendant stated he could have done at a cost of $25. We believe, therefore, all plaintiff is entitled to recover in this suit is that sum.
For these reasons, the judgment appealed from is amended so as to reduce the amount thereof to $25, and as thus amended and in all other respects it is affirmed. Plaintiff is cast for the costs of appeal.
Amended and affirmed.