COVINGTON, Judge:
In the city of Baton Rouge, on July 17, 1973, at approximately 1:50 P.M., at the intersection of St. Joseph and Julia Streets, *413 there was a collision between a 1970 Ford car owned by one of the plaintiffs, Coleman, being driven with her permission by her son, the other plaintiff, Bean. He was traveling in a westerly direction on Julia, the right-of-way street; the defendant, Victor, was operating her 1968 Buick in a southerly direction on St. Joseph, the inferior street. The intersection is controlled by stop signs at the northwest and southeast corners of the intersection, facing traffic on St. Joseph as it approaches Julia. The defendant reconvened against Bean for the $110.00 in property damage sustained by her.
The lower court ruled in favor of the original plaintiffs. Defendant-plaintiff in reconvention appealed; plaintiffs answered the appeal, asking that the award to Coleman for property damage be increased. We amend and affirm.
According to Bean’s testimony, he was driving at a speed of about 25 miles per hour and, as he approached St. Joseph Street, he saw the defendant stopped, which would be in obedience to the stop sign facing her. He further stated that she was looking in the opposite direction (west), so he blew his horn to make certain that she did not come out in front of him. Nonetheless, he testified, she did drive on out when he was just about into the intersection, so he veered to the left in an attempt to avoid a collision. However, she did hit the Ford, knocking it into a utility pole, throwing him onto the floor under the dashboard on the passenger side of the Ford, and rendering him unconscious. Officer W. A. Price, who saw Bean after the collision, confirmed that, to the best of his knowledge, Bean was unconscious when he arrived at the scene. Bean’s mother testified to the same effect.
On the date of trial, counsel stipulated that he incurred an ambulance bill in the amount of $25.00 and a hospital bill for $130.00; counsel further stipulated that Coleman incurred a wrecker towing charge of $25.00 and an automobile rental charge of $75.00. They also stipulated that the defendant, Victor, sustained $110.00 in property damage, but no stipulation was made as to the property damage suffered by the plaintiff, Coleman.
Edwina Victor testified that she stopped on St. Joseph, saw Bean parked on Julia, saw no traffic approaching, and proceeded into Julia, whereupon Bean suddenly pulled from his parked position and hit her.
A disinterested witness, Charles Daigre, stated that he had an unobstructed view of the accident, that the Buick stopped at the sign, then pulled “right in front of” the other vehicle, the driver of which blew his horn and swerved to try to avoid the accident. He expressly recalled that, from his position, it “ . . . was like standing on a stage looking down . . . ” and that the Ford was moving down Julia, not parked thereon.
Officer W. A. Price, of the Baton Rouge City Police Department, investigated the accident. He testified that the point of collision was four feet east of the west parallel line of St. Joseph, five feet south of the north parallel line of Julia, and fifteen feet north of the south parallel line of Julia, which is inside the perimeter of the intersection. It was his opinion that the Buick did not travel any distance after the collision, but the Ford traveled ten feet. He did not remember the defendant, Victor, saying anything about the other vehicle being parked prior to the collision.
The trial court awarded judgment in favor of the plaintiff, Coleman, for $800.00 property damage, $25.00 for towage, and $75.00 for automobile rental, or a total of $900.00. The award to Bean was in the amount of $25.00 for the ambulance service, $130.00 for the hospital bills, and $250.00 for personal injuries, or a total of $405.00. The judgments bear legal interest from date of judicial demand until paid-; the reconventional demand of the defendant was denied and defendant was cast for costs.
*414 The defendant-appellant, Victor, contends that it would be a physical impossibility for the accident to have happened according to the version of plaintiffs’ proof.
Although conflicting, the version of the plaintiffs and that of the defendant are not so hopelessly irreconcilable as to require the trial court to disregard the testimony of the litigants and the impartial eyewitness. Counsel for appellant, by his original and supplemental briefs, strenuously urges that where the testimony of the parties is irreconcilable the physical facts surrounding the accident are to be accepted by the court as the determining factor, citing many cases in support thereof, and, as stated supra, he contends that such is the case here.
However, in his written reasons for judgment, the trial court stated:
“The Court accepts the version given by the plaintiff as supported by that of the impartial witness, Charles Daigre. Defendant’s efforts to impeach the latter witness was unavailing. The defendant’s version is unlikely and depends upon plaintiff being able to make a ‘jackrabbit start’.”
In Canter v. Koehring Company, 283 So.2d 716 (La., 1973) our Supreme Court held:
“ . . . the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellete court may feel that its own evaluations and inferences are as reasonable.”
This court held, in Jayco Sales and Service, Inc. v. Smith, 303 So.2d 554 (La.App., 1st Cir., 1974) that:
“Where the issue involved is purely of fact, an analytical disposition of the facts and conclusions of the trial judge should not be disturbed in the absence of manifest error.”
No such error is found herein as to fault.
The primary question, insofar as this court is concerned, is the matter of the proven damage done to the Coleman vehicle.
The accident occurred on July 17; there was testimony by the owner and the ultimate purchaser, Butch Calmes Auto Wreckers, that the vehicle was bought by Calmes for $350.00 in December, some five months subsequent to the wreck.
By use of hypothetical questions propounded to an expert witness, Charles R. Flaherty, it was established that the market value of a 1970 Ford L.T.D. in average condition, with the equipment and mileage of the Coleman vehicle, on July 17, was $1,800.00. The difference in these two figures, or $1,450.00, rather than the $800.00 awarded, is the amount which she seeks for property damage in her answer to the appeal. Initially, we might state, as the trial court aptly pointed out, that a later year model had come on the market in the interim between its damage and its sale; that fact, together with her failure to otherwise minimize damage by prompt disposal of the damaged vehicle, renders any claim other than the cost of repairs speculative in nature.
In Bennett v. Achord, 238 So.2d 764 (La.App., 1st Cir., 1970), relied upon by Coleman, the plaintiff claimed $369.11 in damages. However, the car was worth only $350.00 prior to the accident and the owner sold it for $65.00 after the damage was sustained. Therefore, the court found that the trial court properly awarded the difference between those two values, or $285.00, instead of the $369.11. Therein, cited with approval is the case of Laville v. Hartford Accident and Indemnity Company, 178 So.2d 464 (La.App., 1st Cir., 1965); on page 469 the prevailing jurisprudential rule was stated:
*415 “Where a vehicle is obviously totally destroyed or so badly damaged the cost of repair exceeds its value, the loss to the owner is determined by ascertaining the value of the vehicle on the date of the accident less its salvage value. Where, however, the cost of repair is less than the value of the vehicle the measure of damages is the cost of repair.” (Emphasis added).
See also, Traders & General Insurance Company v. Robison, 289 So.2d 178 (La.App., 1st Cir., 1973) and Bailey v. Moore, 276 So.2d 708 (La.App., 1st Cir., 1973) where the court said, at page 713:
“It is well established that where an automobile is damaged to the extent the repairs exceed its value, the measure of damages is the market value of the vehicle on the date of the accident less its salvage value, if any. Bernard v. Fidelity & Casualty Company of New York, La.App., 186 So.2d 904. If the cost of repair is less than the value, the measure of damages is the cost of repair.”
Therefore, as aforesaid, the trial judge correctly refused to award Coleman $1,450.00 for property damage.
We feel, however, that the court fell into manifest error in awarding any property damage at all to the owner. The only evidence regarding the amount necessary to repair the Ford was the self-serving, hearsay testimony of said owner; for example, we quote from Tr. 108:
“Q. Now how much was the estimate of the repairs to your car ?
A. About eight hundred dollars, I’m thinking that’s what it was, about eight hundred.”
No expert witness was called to testify that an estimate had been made and the amount thereof, nor was a written estimate of repairs introduced, nor was an attempt made to introduce one.
Although in his brief counsel .for the defendant-appellant did not specifically attack the amounts awarded, but rather the matter of liability vel non, we cannot allow the award for property damage to stand.
This court held, in Vezinat v. Marix, 217 So.2d 416 (La.App., 1st Cir., 1968), at page 421:
“It is settled law that plaintiffs’ own estimate of damage is insufficient to support a claim for recovery of a sum spent in repairs of a vehicle damaged in an accident. In such cases, plaintiff must prove his claim by the estimate of a person qualified and knowledgeable in the assessment of the value of vehicular repair. Carr v. Williams, La.App., 145 So.2d 611.”
This holding was cited with approval in Ducote v. Allstate Insurance Company, 242 So.2d 103 (La.App., 1st Cir., 1970), writ refused 257 La. 618, 243 So.2d 532.
And, in Adams v. Wood, 285 So.2d 870 (La.App., 1st Cir., 1973), page 873, quoting with approval from the trial court’s written reasons for judgment:
“ ‘Recovery for loss of the Wood vehicle is denied for insufficient and faulty proof. A plaintiff bears the burden of establishing each and every element of damages claimed.’ ”
The plaintiff, Coleman, has not carried the burden of proof of the amount of any damages except those stipulated to by counsel, which means that we must disallow any award for property damage and storage.
Accordingly, the judgment of the trial court is amended to award One Hundred Dollars ($100.00) to the plaintiff, Lillie Coleman, and the judgment is affirmed in all other respects. All costs are assessed against Edwina Victor.
Amended and, as amended, affirmed.