326 So.2d 344 (1976)
Lillie COLEMAN and Andrew Bean
v.
Edwina VICTOR.
No. 56651.
Supreme Court of Louisiana.
January 19, 1976.
Rehearing Denied February 20, 1976.
*346 J. Arthur Smith, III, Baton Rouge, for plaintiffs-applicants.
F. Louis Gonzales, Baton Rouge, for defendant-respondent.
MARCUS, Justice.
This suit for damages arose out of an automobile collision between a 1970 Ford automobile owned by one of the plaintiffs, Lillie Coleman, and driven by her son and the other plaintiff, Andrew Bean, and a 1968 Buick owned and driven by defendant, Edwina Victor. The accident occurred on July 17, 1973 at the intersection of St. Joseph and Julia Streets in the City of Baton Rouge. Both the trial court and the court of appeal found that the collision was caused by the sole negligence of Edwina Victor. The trial court awarded $900 in special damages to Lillie Coleman and $405 for personal injuries to Andrew Bean. Included in the $900 awarded to Mrs. Coleman was $800 to cover the estimated cost of repair to her vehicle. Defendant Victor appealed. Plaintiffs answered the appeal, asking that the award to Mrs. Coleman for her property damage be increased to $1,450, representing the difference between the value of the vehicle before the accident ($1,800) and the amount for which it was sold ($350) in December, 1973 (some five months after the accident). The court of appeal rejected this claim for an increased award for property damage on the ground that the cost of repair was the proper measure of damage but concluded, sua sponte, that Mrs. Coleman had not borne the burden of proving her property damage since the "Only evidence regarding the amount necessary to repair the Ford was the selfserving, hearsay testimony of said owner." Accordingly, the court of appeal amended the award to Mrs. Coleman by reducing it to $100, thus deleting the $800 for her property damage. In all other respects, the judgment of the trial court was affirmed.[1] Upon plaintiffs' application, we granted certiorari to review the court of appeal's rejection of property damage to the Coleman vehicle.[2]

ISSUES
Two issues are presented for our review: first, the proper measure of property damage in this case; secondly, if the cost of repair is the correct measure of damage, did plaintiff-owner sufficiently prove this claim?

I.
First, we consider the proper measure of property damage to the Coleman vehicle.
Every act of man that causes damage to another obliges him by whose fault it happened to repair it. La.Civ.Code art. 2315. One injured throught the fault of another is entitled to full indemnification for damages caused thereby. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971). This court in Lambert v. American Box Co., 144 La. 604, 81 So. 95 (1919) ably stated:
. . . The obligation of defendant, however, is to indemnify plaintiffto put him in the position that he would have occupied if the injury complained of had not been inflicted on him. . . .
When property is damaged through the legal fault of another, the primary objective is to restore the property as nearly as possible to the state it was in immediately preceding the damage, it is well settled that the measure of damage is the cost of restoring *347 the property to its former condition. In assessing damage to property, generally, courts have considered the cost of restoration as the proper measure of damage where the thing damaged can be adequately repaired.[3] Intermediate appellate courts have often attempted to formulate tests in assessing damage to property.[4] In our view, no mechanical rule can be applied with exactitude in the assessment of property damage under article 2315. Each case must rest on its own facts and circumstances as supported by the proof in the record.[5]
With these principles in mind, we address ourselves to the proper measure of damage to the Coleman vehicle.
Plaintiffs urge that Lillie Coleman is entitled to $1,450, the difference between the value of the Ford before the accident ($1,800) and the sum for which it was sold by her in December of 1973 ($350) and not the cost of repair ($800).
It was established at trial that Mrs. Coleman's 1970 Ford automobile was in good condition and had been driven about 59,000 miles at the time of the accident. After the accident, it was towed to Richard's Ford where it remained until it was sold. According to expert testimony, an automobile similar to and in the same condition as the Coleman vehicle had a value of $1,800 as of July 17, 1973 (date of accident). On direct examination, Mrs. Coleman testified that her insurance had expired and that she did not have the necessary funds to have her car repaired. Further, she owed $1,100 to the bank on the car note and was unable to borrow money to have the car repaired. Also, she needed a car in her employment. Therefore, she sold the damaged Ford in December of 1973 for $350. During cross-examination by defense counsel, Lillie Coleman was asked the estimated cost of repair to her car, and she answered "about $800." She stated that she was told that this was the amount needed for the repairs.
There is no proof in the record that the Coleman vehicle was totally demolished or a total loss. If such were the case, plaintiff-owner would be entitled to the market value of the vehicle before the accident less its salvage value, if any.[6] By Lillie Coleman's testimony, she chose for her own reasons, financial or otherwise, not to have her Ford repaired. Instead, some five months later, she sold it for the sum of $350. Plaintiffs erroneously refer to this sum as "salvage" value.[7]
In Goode v. Hantz, 209 La. 821, 25 So.2d 604 (1946), the district court fixed the award for damage to the vehicle by deducting from the market value of $1,689.10 "the salvage value" of the wrecked vehicle which was fixed at $500 by the garage man who had it in his charge. The court reduced the award to $743.61, stating that the court was convinced that the plaintiff, *348 had he elected to do so, could have had his car fully repaired within several weeks after the accident for $743.61. Therefore, this amount represented the proper award for damage to plaintiff's vehicle. We stated therein:
The rule of law has long been settled in this State that where an automobile is damaged, the owner is entitled only to the amount it will cost to place the machine in the same condition as it was before the accident. Folse v. Flynn, La.App., 200 So. 160; Potomac Ins. Co. v. Blaise, La.App., 181 So. 629; Dixon v. Futch, [La.App.,] 166 So. 205; Midlo v. Fairchild Motor Corporation, La.App., 158 So. 245; Sherwood v. American Railway Express Co., 158 La. 43, 103 So. 436; Lambert v. American Box Co., 144 La. 604, 81 So. 95, 3 A.L.R. 612; Bianchi v. Mussachi, 1 La.App., 291; Berry, Law of Automobiles, Vol. 5, Sec. 5.229, p. 361 and Huddy's Ency. of Automobile Law, Vol. 17-18, p. 524.
As in Goode, we are satisfied from the record that the Coleman vehicle could have been repaired after the accident for $800 if the owner had elected to do so. This would have placed the vehicle in the same condition as it was before the accident. Thus, Mrs. Coleman is entitled only to the cost of repair, not the difference between the value of the vehicle prior to the date of the accident and the sum for which it was ultimately sold. Therefore, both the trial court and the court of appeal were correct in rejecting Mrs. Coleman's claim of $1,450 for her property damage and in concluding that the cost of repair was the proper measure of damage in this case.

II.
Next, we consider whether the court of appeal erred in denying any property damage to Lillie Coleman on the ground that she had failed to prove this claim. In reaching this result, the court of appeal found that the only evidence regarding the cost of repair "was the self-serving, hearsay testimony" of the owner, Lillie Coleman.
A reading of the record makes it obvious that plaintiffs had taken a position that plaintiff-owner was entitled to the difference between the value of the Ford before the accident and the sum for which it was sold by the owner, or $1,450. Thus, initially, plaintiffs offered no evidence as to the cost of repair. On direct examination, Lillie Coleman was not questioned on this point except for her assertion that she could not, due to her financial condition at the time, afford to make the necessary repairs. Apparently, in an attempt to establish the cost of repair as the correct measure of damage rather than the larger sum claimed by the plaintiffs, defense counsel cross-examined Lillie Coleman in reference to the cost of repair as follows:
Q. Now, how much was the estimate of the repairs to your car?
A. About eight hundred dollars, I'm thinking that's what it was, about eight hundred.
Q. You didn't try to find out the value of that car before repairs, did you?
A. I was just interest in my car, and I couldn't borrow $800.00 to have it repaired. And I was told that that's what I needed.
Later, the figure of $800 as the cost of repair was used by defense counsel in the examination of another witness and was also referred to by the trial judge.
It is well settled that plaintiff has the burden of proving by a proponderance of the evidence damages caused by defendant's fault. As pointed out in Jordan v. Travelers Insurance Company, supra, the courts have used many terms in describing this burden of proof. We stated therein that:
. . . Whatever the descriptive term used, however, proof by direct or circumstantial evidence is sufficient to constitute a preponderance when, taking the *349 evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not.
The trial judge considered that the testimony of Lillie Coleman regarding the cost of repair sufficiently sustained her burden of proving her property damage. The court of appeal, sua sponte, concluded that this was manifest error, as the testimony of Mrs. Coleman was self-serving, hearsay testimony which could not be considered. We find that the court of appeal erred in this respect.
Again, we must consider the context in which the $800 estimated cost of repair was introduced into the record. It was done by defense counsel's cross-examination of the owner of the vehicle in order to establish a lesser sum upon which damages should be assessed. Thus, whether self-serving or hearsay, it became competent evidence. It was relevant and material and uncontradicted. In fact, the $800 estimated cost of repair was later referred to by defense counsel in questioning another witness as well as by the court. Under these circumstances, we consider that defendant has effectively waived any right to complain about the competency of this evidence. Moreover, uncontradicted hearsay testimony of a single witness, admitted without objection, may properly be considered and given probative value. Wainer v. Wainer, 210 La. 324, 26 So.2d 829 (1946); Gray v. Great American Indemnity Company, 121 So.2d 381 (La.App.1st Cir. 1960). Likewise, self-serving declarations, admitted without objection, may be considered.
Therefore, Lillie Coleman's testimony regarding the cost of repair was properly considered and given probative value by the trial judge. We cannot say that he erred in concluding that this uncontradicted evidence was sufficient to establish plaintiff-owner's claim for her property damage. Accordingly, we hold that the court of appeal erred in denying the $800 award for property damage to Lillie Coleman.

DECREE
For the reasons assigned, the judgment of the court of appeal is amended to include the $800 award for property damage, thus increasing the award to Lillie Coleman to $900, and, as thus amended, the judgment of the court of appeal is affirmed. All costs are assessed against Edwina Victor.
NOTES
[1] 314 So.2d 412.
[2] 318 So.2d 56.
[3] Lambert v. American Box Co., 144 La.604, 81 So. 95 (1919); Hayward v. Carraway,180 So.2d 758 (La.App.1st Cir. 1965), cert. denied, 248 La. 909, 182 So.2d 662 (1966).
[4] Three tests have been utilizd in determining property damage: (1) cost of restoration, if the damage item can be adequately repaired; (2) value differential, difference in value prior to and subsequent to the damage; (3) cost of replacement, less depreciation, if the value before and after the damage cannot be reasonably determined or if the cost of repair is more than the value. Peak v. Cantey, 302 So.2d 335 (La.App.1st Cir. 1974); Roshong v. Travelers Insurance Company, 281 So.2d 785 (La.App.3d Cir. 1973); Aetna Insurance Company v. Palao, 263 So.2d 394 (La.App.4th Cir. 1972); Granger v. Bouillion, 220 So.2d 764 (La.App.1st Cir. 1969); Taylor v. Allstate Insurance Company, 205 So.2d 807 (La.App.1st Cir. 1967); Keating v. Boyce Machinery Corp., 196 So.2d 623 (La.App.1st Cir. 1967).
[5] See Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971).
[6] Bernard v. Fidelity & Casualty Company of New York, 186 So.2d 904, 18 A.L.R.3d 493 (La.App.1st Cir. 1966).
[7] There is no proof of any depreciation to the vehicle which might have resulted from the repairs caused by the accident.