407 So.2d 424 (1981)
Philip L. CENAC, M. D.
v.
DUPLANTIS MOVING & STORAGE COMPANY, INC. and Highlands Insurance Company.
No. 14375.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
*425 Joseph G. Kopfler, Houma, for plaintiff and appellee.
E. Phelps Gay, New Orleans, for defendants and appellants.
Before ELLIS, LOTTINGER and PONDER, JJ.
LOTTINGER, Judge.
This is a suit for property damages filed by Philip L. Cenac, M.D., against Duplantis Moving & Storage Company, Inc. (Duplantis) and its insurer, Highlands Insurance Company. From a judgment in favor of plaintiff, defendants have appealed.
From the record and the trial judge's written reasons for judgment, we glean that Dr. Cenac contracted with Duplantis to move a building from a barge onto plaintiff's property. In the process of lifting and moving the building from the barge, the building was dropped and destroyed beyond repair. The trial court awarded a total of $38,540.00, which award included $3,240.00 for damages to a bulkhead, and $35,300.00 as replacement cost of the building.
In appealing the defendants argue that the trial judge erred in failing to include depreciation of the building in his calculation of damages. The issue of liability is not before the court.
The building in question had been previously used by a drilling company as a crew quarters aboard a drilling barge. Dr. Cenac had acquired the ownership of the building in consideration for the use by a salvage company of a slip and bulkhead owned by Dr. Cenac. The intended use of the building was as an office building for a farm and ranch operation owned by Dr. Cenac in Bourg, Louisiana. The age of the building was undeterminable. Additionally, there was no evidence introduced as to the building's market value at the time of the accident. The trial judge concluded the building was in "good condition and could certainly for many years serve the purposes for which Dr. Cenac would use it." Three experts testified as to the replacement cost of the building with a new building. Plaintiff's expert estimated that it would cost $60,427.66 to build a similar building, whereas each of the defendants' experts agreed that a new building could be built for $35,000.00.
In making the award for the building, the trial judge in his oral reasons for judgment in denying an application for new trial in part said:
"You see, depreciation as I look at it is merchandise in the hands of the owner over the years that has lost certain value. [Dr. Cenac had only recently acquired ownership to this building.] * * * It served its purposes. * * * So we have got to look to other things in determining the value of the building to Dr. Cenac. True, it was not a new building, but everything that I can recall in the record it was to the effect that it was in good condition and could certainly for many years serve the purposes for which Dr. *426 Cenac would use it. Now, to replace it, to give him something that would be, we'll say, equal in utility, what he had before, would cost $35,300.00. That's what it would cost to put him in a position to where he was before to where he would have something to use. * * * Certainly I couldn't give him the $60,000.00, but the $35,000.00, I felt was the only thing that we had to work with and I could not feel that depreciating the building would put him in a position to where he was before. Certainly it would not. What you are going to come back and say is we are giving him something better than he had before. Well, unfortunately under the law there is no other way we can solve this situation. Something was destroyed. It was something that had the utility, the value of $35,000.00. To give him less than that would be to penalize him for the negligence of someone else, which I can't do."
It is clear that the trial judge discarded the use of depreciation in attempting to arrive at a damage award, and instead used a theory which he apparently termed "value of utility." What the trial judge was apparently saying was that the use of the existing building as to Dr. Cenac had the same value or utility as a brand new building.
The problem with the trial court's award is that it is not supported in law. The jurisprudence is replete with a plethora of cases holding that where property is destroyed beyond repair and the market value is not ascertainable, the proper measure of damages is replacement cost less depreciation. The most common example today of property damage cases is the automobile accident. Where an automobile has been damaged beyond repair, the most the plaintiff is allowed is the market value of the vehicle before the accident less its salvage value, if any. Bernard v. Fidelity & Casualty Company of New York, 186 So.2d 904, 18 A.L.R.3d 493 (La.App. 1st Cir. 1966). Market value of course takes depreciation into consideration.
It should be apparent that an automobile that is one year old is certainly not worth the same on the open market as a new car. But as to the owner of that car, a vehicle one year old in good working condition has the same utility as a new car. For plaintiffs in these situations, the award is never enough to buy a new car. However, the award is only intended to afford plaintiff the opportunity to buy a similar car in similar condition as plaintiff's vehicle was immediately prior to the accident.
This court in Davis v. Roberts, 194 So.2d 772, 774 (La.App. 1st Cir. 1967) pointed out that:
"In arriving at the amount of damages to property, our courts have in the past followed generally three approaches. The cost of restoration, if the thing damaged can be adequately repaired. Hayward v. Carraway, La.App., 180 So.2d 758; Lambert v. American Box Co., 144 La. 604, 81 So. 95, 3 A.L.R. 612. The difference in value prior to the damage and the value following the damage. Maryland Casualty Co. v. Rittiner, La.App., 133 So.2d 172. If the value before and after the damage cannot be reasonably determined or if the cost of repairs exceed the value of the thing damaged, the measure of damages to the owner has been the cost of replacement new, less reasonable depreciation. Palmetto Moss Factory v. Texas & P. Ry. Co., 145 La. 555, 82 So. 700; Reisz v. Kansas City Southern R. Co., 148 La. 929, 88 So. 120; Gray v. Security Storage & Van Co., La.App., 26 So.2d 399.
Plaintiff argues that in Coleman v. Victor, 326 So.2d 344 (La.1976) the Supreme Court criticized the three prong test utilized by the Courts of Appeal as summarized in Davis v. Roberts, supra, and specifically held that "no mechanical rule can be applied with exactitude in the assessment of property damages under Article 2315." We interpret what the court said in Coleman to mean only that a court should not be ironclad bound to some mechanical formula in arriving at a damage award, and that each case must rest on its facts and circumstances. The Supreme Court was not disapproving *427 the approaches previously used, for it then proceeded to award the amount necessary to repair the vehicle damaged in Coleman rather than award the difference between the value of the vehicle prior to the accident and a sum for which it was sold by plaintiff after the accident.
Regardless of how the court arrives at the amount of the damage award, the intent of the law is to place plaintiff in the same position he was in prior to the accident not in a better position. The approaches mentioned in Davis, supra, are merely a means at arriving at some monetary amount which will compensate plaintiff for the damage he has suffered.
It is clear from the record that the building was damaged beyond repair, no fair market value could be placed on the building immediately prior to the accident, and the difference in value prior to and after the accident, was not determinable. Therefore, the only reasonable approach left to determine plaintiff's damages is by using replacement cost less depreciation. This method is merely a means of attempting to determine what was the value of the building immediately prior to the accident.
Though trial judges are granted great discretion in determining damage awards, the awards made must be in accordance with law. We know of no cases in Louisiana, nor have we been cited any, which have allowed an award based on the "utility" of the object damaged, thus we find the trial judge in error in his award.
Accordingly, we choose to use the replacement cost less depreciation method of determining the damages suffered by plaintiff, and assess a 20 percent depreciation figure to the building. See Womack v. Travelers Ins. Co., 258 So.2d 562 (La.App. 1st Cir. 1972) writ refused 261 La. 774, 260 So.2d 701 (1972) wherein we assigned a 10 percent depreciation value to a house in excellent condition.
We use the trial judge's figure of $35,300.00 as the replacement value of the building and depreciate same by 20 percent or $7,060.00, for an award of $28,240.00 for the building.
Therefore, for the above and foregoing reasons, the judgment of the trial court is amended to reduce the total judgment to $31,480.00, and as amended it is affirmed at plaintiff-appellee's costs.
AMENDED AND AFFIRMED.