449 So.2d 511 (1984)
Albert RUSHING
v.
DAIRYLAND INSURANCE COMPANY.
No. 83 CA 0355.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
On Rehearing April 3, 1984.
Writ Granted April 23, 1984.
*512 James E. Kuhn, Denham Springs, for plaintiff.
Joseph G. Simmons, Baton Rouge, for defendant.
E. Wade Show, Baton Rouge, for intervenor.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
On April 8, 1980, Albert Rushing (plaintiff) purchased a 1979 Ford Courier pickup truck. He financed the credit portion of the purchase price with Ford Motor Credit Company (Ford). The loan was secured by a mortgage on the truck. Plaintiff also obtained automobile insurance from defendant, Dairyland Insurance Company. Ford was named as the loss payee on the collision and comprehensive sections of the policy. On January 13, 1982, the truck was involved in an accident and rendered a total loss. On March 31, 1982, plaintiff filed suit against defendant for his collision loss and for attorney's fees. On April 1, 1982, Ford filed suit against plaintiff for the balance due it and also seized and sold the truck without the benefit of appraisal. On July 19, 1982, Ford intervened in plaintiff's suit against defendant, seeking recovery from the proceeds of the insurance policy to the extent of the amount still due on the debt, stipulated to be $3,109.98.
The trial court dismissed Ford's intervention. Judgment was rendered in plaintiff's favor after the court found the value of plaintiff's vehicle prior to the accident was $4,000.00. It also awarded $1,000.00 for attorney's fees, $110.00 for expert witness fees, and $20.00 for court reporter fees.
FACTS
On January 13, 1982, plaintiff's truck collided head-on with a Mississippi Power and Light truck. Plaintiff's friend Bryant Thompson was driving the truck at the time of the accident. The impact was severe. The truck was inoperable after the accident and was taken to Thompson's house on a trailer. Plaintiff testified that he contacted defendant after the truck was removed to Thompson's house. Plaintiff wanted $4,500.00, but defendant refused to pay more than $2,400.00. Settlement negotiations broke down, and plaintiff filed suit on March 31, 1982. Plaintiff conceded that he removed the battery, the front wheels and tires, the spare, the jack, and the radio from the truck while it was at Thompson's house.
Thompson testified that the truck was in excellent condition before the wreck. He stated that the upholstery, the dash, the glove compartment, the tires, and the battery were ruined in the wreck. Thompson has owned seven trucks, six of which were Fords. He offered to purchase plaintiff's truck shortly before the wreck for *513 $4,000.00, notwithstanding the fact that he knew that plaintiff had paid $4,195.00 for the truck two years before. Thompson said that he and plaintiff installed the radio because the truck did not come with a radio. The truck remained at Thompson's house for approximately six weeks before it was taken to Brown and Sons Auto Salvage.
Thomas Newsom appraised the truck for the defendant after it was removed to Brown and Sons Salvage. Newsom is employed by Sentry Insurance Company which subsidizes defendant. In his opinion, the value of plaintiff's truck prior to the accident was $2,747.58. He reached this conclusion in the following manner. First, he took the average of the NADA used car guide value and three dealer quotes. His mid-range book value was $4,240.00, the Nelson & East Ford quote was $3,500.00, the Richard's Ford quote was $4,000.00, and the Audubon Ford quote was $4,795.00. The average of these four figures was $4,133.75. Newsom then deducted $1,386.17 for prior damage and missing items. Of the $1,386.17, the missing items had a total value of $290.00 ($110 for the battery, $105 for the two front wheels and tires, $20 for the spare, $25 for the jack, and $30 for the radio). Therefore, Newsom deducted $1,096.17 for prior damage. He distinguished prior damage from damage caused by the wreck by the different color and consistency of the rust.
George Meyer of Ford Motor Credit Company prepared a legal review report which showed an average retail value for the truck of $4,425.00. He testified that his figure was derived from the NADA book.
Rodney McIntyre of Hammond Motors Body Shop appraised the truck. In his opinion, the value of the truck in good condition was between $4,500.00 and $5,000.00. McIntyre explained that plaintiff's truck may have increased in value since the date of purchase because "trucks are a pretty hot item, you know, as far as re-sale."
ISSUES
Both defendant and Ford Motor Credit Company have appealed, and plaintiff has answered the appeal requesting additional attorney's fees. Defendant says that the trial court erred in (1) finding that the value of the truck prior to the accident was $4,000.00; (2) awarding penalties under La. R.S. 22:658; and (3) granting expert witness fees for a witness. Ford Motor Credit Company contends that the trial court erred in dismissing its intervention.
MARKET VALUE OF TRUCK
The measure of damages when an automobile has been damaged beyond repair is the market value of the vehicle before the accident less its salvage value, if any. Cenac v. Duplantis Moving & Storage Co., 407 So.2d 424 (La.App. 1st Cir. 1981). Market value takes depreciation into consideration. Cenac, 407 So.2d at 426. In the instant case, Russell Brown of Brown and Sons Salvage testified that the truck had no salvageable metal. All parties concede that the truck was a total loss. The question thus becomes the market value of the truck prior to the accident.
Thompson, Meyer, and McIntyre all estimated the value to be between $4,000.00 and $5,000.00. Only Newsom placed the value within the $2,000.00 range, and even his testimony revealed that the NADA book value was $4,240.00. The trial judge found the value to be $4,000.00, stating that "the Court does not believe the defendant's witness is qualified to make a determination as to whether damage existed prior to the accident in this case." The trial judge did not abuse his discretion in his determination of the truck's value, especially in light of the fact that his valuation is close to the NADA value. However, his finding that nothing in the record justifies a reduction in the value is erroneous. Plaintiff admitted that he removed certain items from the truck. The award of $4,000.00 must be reduced by $260.00 which represents the value of the removed battery, front wheels and tires, spare, and jack. Although Newsom deducted an additional $30.00 for a missing radio, our review *514 of the record leads us to the conclusion that plaintiff installed the radio after he purchased the truck.
ATTORNEY'S FEES
The trial judge awarded plaintiff $1,000.00 for attorney's fees. La.R.S. 22:658 provides for penalties in the event that the insurer does not pay within sixty days after receipt of satisfactory proofs of loss and demand therefor when such failure to pay is found to be arbitrary, capricious, or without probable cause. This statute is penal in nature and must be strictly construed. Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983). In addition, the burden is on the claimant to prove lack of probable cause, arbitrariness or capriciousness. Batiste v. Pointe Coupee Constructors, 401 So.2d 1263 (La.App. 1st Cir. 1981), writ denied, 409 So.2d 615 (La.1981). One who claims damages and attorney fees also has the burden of proving that the insurer has received satisfactory proof of loss. Hart, 437 So.2d at 827-828. There is nothing in the record to indicate that Dairyland ever received a proof of loss from plaintiff within the required sixty days before suit was filed on March 31, 1982. Newsom was assigned the claim on February 18, 1982. We have already recited in detail how he arrived at his damage valuation. Defendant's decision to contest the amount plaintiff was seeking was not arbitrary or capricious and without probable cause because it (1) had no satisfactory proof of loss from plaintiff, and (2) had its own damage appraisal which was much less than plaintiff's. We have reduced the damages on appeal. The award of attorney's fees was manifestly erroneous and must be reversed.
EXPERT WITNESS FEE
Setting expert witness fees and taxing them as costs are matters within the discretion of the trial judge, and said awards will not be disturbed on appeal absent an abuse of discretion. La.R.S. 13:3666; Baghramain v. MFA Mutual Insurance Company, 315 So.2d 849 (La.App. 3rd Cir.1975), writs denied, 320 So.2d 207, 209 (La.1975). Defendant says that the trial court erred in awarding $110.00 in expert witness fees to McIntyre because his testimony did not add any significant expert testimony. McIntyre was accepted by the court and also by counsel for defendant as an expert in the field of body repair and the sale of vehicles. He appraised the truck and gave his opinion as to the value of the truck prior to the accident. Defense counsel cross-examined him and attempted to use his testimony to show that some of the damage was present prior to the accident. His opinion was accepted by the trial court. We find no abuse of discretion in the trial court's award of fees to this witness.
INTERVENTION
Ford intervened in this suit seeking to recover to the extent of its loan under the loss payable clause. Ford had already seized and sold the truck without the benefit of appraisal. The trial judge dismissed the intervention "by virtue of the fact that the executory proceedings which were filed against Mr. Albert Rushing were filed without appraisal." The issue presented is whether a seizing creditor who is also a loss payee on an insurance policy is precluded from claiming insurance proceeds when he has seized and sold the mortgaged property without the benefit of appraisal.
In Powell v. Motors Insurance Corporation, 235 So.2d 593 (La.App. 1st Cir.1970), this court addressed the very issue that is presented in the instant case. In Powell, 235 So.2d at 594, the plaintiff filed suit to recover for the loss of his automobile under the terms of his insurance policy. General Motors Acceptance Corporation (GMAC) intervened seeking payment of the insurance proceeds because the policy contained a loss payable clause to it. The court held that GMAC lost its right to the insurance when the mortgaged property was sold without appraisal. In reaching this conclusion, the court stated that the creditor-loss payee does not have any greater rights to collect from its debtor's insurer than it *515 would have against its debtor. "The right to collect from the insurer under the loss payable clause is derived from the debtor and once his obligation is extinguished the right to collect under the loss payable clause is likewise extinguished." Powell, 235 So.2d at 595. Contra, American Bank & Trust Company v. Byron, 347 So.2d 850 (La.App. 2nd Cir.1977), application not considered, 350 So.2d 676 (La. 1977), writ denied, 351 So.2d 155 (La.1977); Guinn v. Houston Fire & Casualty Insurance Company, 32 So.2d 613 (La.App. 1st Cir.1947). A similar factual situation is presented here. When Ford Motor Credit Company sold the mortgaged truck without appraisal, it lost its right to collect under the insurance policy. The trial judge correctly dismissed the intervention.
DECREE
For the reasons set forth above, the judgment in favor of plaintiff for the value of the truck is amended to $3,740.00; the judgment in favor of plaintiff awarding attorney's fees is reversed; the judgment fixing expert witness fees is affirmed. Costs of this appeal are taxed equally to Ford and defendant.
AFFIRMED IN PART, REVERSED IN PART, AMENDED IN PART, AND RENDERED.

ON APPLICATION FOR REHEARING
PER CURIAM.
Dairyland Insurance Company's application for rehearing is granted for the limited purpose of determining whether the judgment rendered is objectionable on the grounds that we failed to give Dairyland credit for the deductible provided for in its collision policy with plaintiff.
We have examined the policy, and it did provide for a $250.00 deductible on collision loss.
Accordingly, our original judgment is amended to the following extent: judgment in favor of plaintiff for the value of the truck is amended to $3,490.00.