DOUCET, Judge.
Plaintiff-Appellee, Anthony Greenhouse, seeks to collect insurance benefits for the total loss of his 1978 Ford Fairmont Futu-ra.
Greenhouse bought the car for $4,200.00 in early 1982. He reported the loss to his insurer, Southern Security Insurance Company in March 1983. Southern Security assigned the case to Francis Smith Appraisal Service. Francis Smith, Jr. assessed the cash value of the vehicle at $2,500.00. He further stated that the NADA value was approximately $2,800.00 and that the average selling price in Central Louisiana was $2,530.00. A local used car dealer, Mr. Albert Delrie, testified at trial that the selling price of the car would be $2,495.00. Roger Clark, the used car dealer who sold the car to the plaintiff, testified that in his opinion the actual cash value of the vehicle was $3,400.00. Southern Security offered to settle the matter of $2,250.00 less the deductible of $250.00. In spite of the fact that the plaintiff refused that settlement, the defendant forwarded a draft for $2,000.00 marked with an indication that it was in full settlement of the claim. The check was returned unnegotiated.
After unsuccessfully trying to reach a settlement, plaintiff filed suit asking for $3,400.00 plus penalties and attorney’s fees as provided for under La.R.S. 22:658. The defendant answered and deposited a draft for $2,850.00 in the registry of the court.
*432 A trial on the merits was held on January 13, 1984. After hearing testimony from both sides as to the actual cash value of the car, the trial judge rendered judgment for the plaintiff in the amount of $2,900.00 plus 12% penalties, and attorney’s fees of $500.00, with the defendant to get the salvage. The judge indicated that he arrived at this sum by subtracting one year of depreciation of $1,050.00 from the selling price of the car, to reach a cash value of $3,150.00, then subtracting the deductible of $250.00. The defendant appeals this decision.
The defendant argues that the trial judge erred in finding that Greenhouse’s car had an actual cash value of $3,150.00 less the deductible, and in finding that defendant arbitrarily withheld payment.
In reviewing a judgment of a lower court, we, the appellate court, are mandated by the Constitution of 1974, art. 5 § 10(B) to review both the facts and the law. As this court stated in Wiley v. Travelers Insurance Co., 300 So.2d 555 (La. App. 3rd Cir.1974), writ denied 303 So.2d 187 (La.1974):
“Ours is not the primary duty of weighing the evidence, judging the credibility of witnesses or evaluating the strength of the various experts’ opinions. On the contrary, these tasks are allotted initially to the triers of fact, here the jury; and the conclusions of the jury as to facts should not be disturbed unless manifestly erroneous. See Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3 Cir.1971); and Busby v. St. Paul Fire & Marine Insurance Company, 290 So.2d 701 (La.App. 1 Cir.1974); writ denied, La., 294 So.2d 546.”
The task of the intermediate court is to examine the record and review the facts to determine whether the record reveals a reasonable factual basis for the trial court’s finding, and whether those findings are manifestly erroneous. Wiley v. Travelers Insurance Co., supra; Farnsworth v. Lumberman’s Mutual Casualty Co., 442 So.2d 1340 (La.App. 3rd Cir.1983), writ denied 445 So.2d 452 (La.1984). The Supreme Court explained the appropriate standard of appellate review in Canter v. Koehring, 283 So.2d 716 (La.1973):
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
After a careful review of the record, we find that the evidence before the trial judge provides a sufficient basis for his findings with regard to the value of the car.
Evidence was introduced placing the value of the car between $2,500.00 and $3,400.00. A value of $3,100.00 does not seem unreasonable in light of the testimony introduced. We do not believe this conclusion to be manifestly erroneous, when examined in conjunction with the record in this case.
The trial judge imposed penalties and attorney's fees under La.R.S. 22:658. That statute provides for penalties when an insurer does not pay within sixty days of receipt of satisfactory proofs of loss and demand for payment, when the failure to pay is found to be arbitrary, capricious and without probable cause. The burden to prove probable cause, arbitrariness or capriciousness is on the plaintiff. Rushing v. Dairyland Insurance Co., 449 So.2d 511 (La.App. 1st Cir.1984); McGowen v. St. *433 Paul Guardian Ins. Co., 422 So.2d 637 (La.App. 3rd Cir.1982), writ denied, 425 So.2d 774 (La.1983).
It was revealed at the trial of this matter that Southern Security only made one settlement offer. That offer was lower than even the lowest appraisal of the vehicle. The only attempt by Southern Security to tender payment was apparently an attempt to get the plaintiff to accept that unreasonably low amount in full settlement of his claim. This evidence leads us to conclude that the plaintiff carried his burden of showing that the defendant acted arbitrarily, capriciously or without probable cause failing to tender payment.
There is sufficient evidence in the record to justify the trial judge’s conclusion that the defendant acted arbitrarily, thereby entitling the plaintiff to penalties and attorney’s fees. Our examination of the entire record leads us to believe that no manifest error occurred.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.