DOUCET, Judge.
Plaintiff-appellee, Kenneth Allen, seeks damages for the total loss of his vehicle.
On May 14, 1983, Allen bought a 1976 Ford Courier pickup truck for $1,300.00. He bought a policy of insurance from the defendant-appellant, Southern Security Insurance Company. The policy provided for comprehensive and collision coverage with a deductible of $250.00. The policy cost $843.65. Allen paid $163.00 and financed the balance.
About seven days after purchasing the vehicle, Allen was involved in a one car accident. Both sides agreed that the car *388 was left a total loss. Disagreement arose as to the value of the truck at the time of the accident.
On approximately May 23, 1983, Southern Security received notice of the loss. They employed independent appraisers, Francis Smith, Sr. and Francis Smith, Jr., to assess the loss. They examined the vehicle and estimated its cash value before the accident at $623.00. At trial, they testified as to the bad condition of the vehicle, especially the interior. As evidence of this, the defendant introduced pictures taken of the interior of the vehicle, taken shortly before the trial, after the vehicle had been stored in an open yard for over a year.
Based on this appraisal, Southern Security offered to settle the matter for $500.00 less the deductible and to allow Allen to keep the salvage. Additionally, they told Allen that he still owed them money on the insurance policy. They offered to declare the matter a “wash”, sending him no money and not requiring him to pay the remaining premium. Allen refused that offer.
Allen’s expert witness, Roger Clark, a local used car dealer, examined the vehicle. At trial, he testified that before the accident, the vehicle would have sold for about $1,825.00. Mr. Clark indicated however, that the NADA value was only about $1,700.00.
Albert Delrie, another local used car dealer, testified that in his business, he would buy a like car for $500.00, but would sell for whatever the market would bear. He stated that he thought that would be $700-$800.
After hearing all the evidence at the trial on the merits, the trial judge found that the value of the vehicle was $1,300.00. He rendered judgment in the amount of $1,300.00 less the $250.00 deductible, plus 12% penalties and attorney’s fees for failure to tender payment as provided by La. R.S. 22:658. The defendant was given the salvage. The defendant appeals from that judgment.
The defendant, Southern Security, contends that it was error on the part of the trial court to find that the value of the vehicle was $1,300.00. Additionally, they argue that the trial court erred in finding that the defendant was arbitrary, capricious, or without probable cause in withholding payment of Allen’s claim.
The trial judge found as fact that the value of Allen’s vehicle was $1,300.00 and that Southern Security arbitrarily, capriciously or without probable cause withheld payment. When a civil case is appealed, the appellate court is mandated by the Constitution of 1974, article 5 § 10(B) to review both the facts and the law. As this court stated in Wiley v. Travelers Insurance Co., 300 So.2d 555 (La.App. 3rd Cir. 1974), writ denied 303 So.2d 187 (La.1974):
“... Ours is not the primary duty of weighing the evidence, judging the credibility of witnesses or evaluating the strength of the various experts’ opinions. On the contrary, these tasks are allotted initially to the triers of fact, here the jury; and the conclusions of the jury as to facts should not be disturbed unless manifestly erroneous. See Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3 Cir. 1971); and Busby v. St. Paul Fire & Marine Insurance Company, 290 So.2d 701 (La.App. 1 Cir.1974); writ denied, La., 294 So.2d 546.”
The task of the intermediate court is to examine the record and review the facts to determine whether the record reveals a reasonable factual basis for the trial court’s finding, and whether those findings are manifestly erroneous. Wiley v. Travelers Insurance Company, supra; Farnsworth v. Lumberman’s Mut. Cas. Co., 442 So.2d 1340 (La.App. 3rd Cir.1983), writ denied 445 So.2d 452 (La.1984). The Supreme Court explained the appropriate standard of appellate review in Canter v. Koehring, 283 So.2d 716 (La.1973):
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated *389 another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
After a careful review of the record, we find that the evidence before the trial judge provides a sufficient basis for his findings. Further, we find no manifest error in the trial judge’s decision.
Allen bought the vehicle only seven days before the accident that left it a total loss. It is not unreasonable to believe that its value was substantially the same after such a short time. The trial judge imposed penalties and attorney’s fees under La.R.S. 22:658. That statute provides for penalties when an insurer does not pay within sixty days of receipt of satisfactory proofs of loss and demand for payment, when the failure to pay is found to be arbitrary, capricious, or without probable cause. The burden to prove probable cause, arbitrariness or caprieiousness is on the plaintiff. Rushing v. Dairyland Insurance Co., 449 So.2d 511 (La.App. 1st Cir.1984); McGowen v. St. Paul Guardian Insurance Co., 422 So.2d 687 (La.App. 3rd Cir.1982), writ denied, 425 So.2d 774 (La.1983). It was revealed at trial that the defendant in this case attempted to get away without paying anything. Essentially, Southern Security told Allen that, after only seven days, the truck for which he paid $1,300.00 was worth only $500.00 from which amount a $250.00 deductible would be subtracted. They further alleged that since he had not paid a full year’s insurance premium and that amount was still owing, the two debts cancelled one another, so that they owed nothing to Allen. The trial judge found that neither a reasonable offer nor an unconditional one was made by the defendant. In light of the type of offer made to the plaintiff, we believe that a sufficient basis existed for the trial judge to find that the failure to pay was arbitrary, capricious or without probable cause.
After thoroughly reviewing the trial court’s record, we cannot conclude that the trial court was manifestly erroneous in its findings. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.