439 So.2d 1153 (1983)
LOUISIANA JOINT UNDERWRITERS OF AUDUBON INSURANCE COMPANY
v.
Willie GANT, d/b/a Peck's Steak House, and Peck's Steak House Inc.
LOUISIANA JOINT UNDERWRITERS OF AUDUBON INSURANCE COMPANY
v.
Willie GANT, d/b/a Peck's Steak House, and Peck's Steak House, Inc.
Ernestine ROUX
v.
Willie GANT and Pearl Jackson Gant.
TRAVELERS INSURANCE CO., Robert A. Vaucresson and Maurice A. Fortin
v.
Willie GANT d/b/a Peck's Steak House.
Jake P. SCHIELE, Jr.
v.
Willie GANT, d/b/a Peck's Steak House, and Peck's Steak House Inc.
ESTATE OF Percy McGEE, Sr., and Helen McGee, Individually
v.
Willie GANT, d/b/a Peck's Steak House, and Peck's Steak House, Inc.
Nos. CA 0520-CA 0525.
Court of Appeal of Louisiana, Fourth Circuit.
October 6, 1983.
Writ Denied December 9, 1983.
*1155 John W. Waters, Jr., New Orleans, for attorney-appellee.
James F. Ryan, New Orleans, for plaintiff-appellee.
David M. Cambre, Jesse S. Guillot, New Orleans, for defendant-appellant.
Before GULOTTA, WARD and BYRNES, JJ.
BYRNES, Judge.
This appeal arises out of a suit for damages caused by a fire at Peck's Steak House in New Orleans.
The plaintiffs are Helen McGee individually and as administratrix of the Estate of Percy McGee Sr., Ernestine Roux, Jake P. Schiele Jr., Louisiana Joint Underwriters of Audubon Insurance Company ("Audubon"), and Traveler's Insurance Insurance Co. ("Traveler's"), Robert A. Vaucresson and Maurice A. Fortin. The defendant is Willie Gant d/b/a Peck's Steak House.
Each of these plaintiffs filed suit separately against Gant in Civil District Court for Orleans Parish. The actions were consolidated and transferred to the Commissioner's office. After a hearing, the Commissioner, acting as Judge ad hoc, filed a report recommending that judgment be entered:
1.) Awarding Audubon $31,630.62, Travelers $4,468.00, and Vaucresson and Fortin $100.00;
2.) Dismissing the claims of McGee, Roux and Schiele.
The Civil District Court adopted this recommended judgment verbatim. Roux, McGee, and Schiele have appealed the dismissal of their claims and Gant appeals liability. We affirm.

THE FACTS
On March 23, 1977 a fire, alleged to have started in Peck's Steak House at 1529 Basin Street in New Orleans, damaged three neighboring buildings. Peck is owned by defendant Willie Gant.
One of the damaged buildings is owned by Helen McGee and her late husband. This building housed the Busy Bee Motel, a barber shop, and the Dragon's Garden restaurant and lounge. Audubon, the insurer of the building, paid Mrs. McGee $17,000.00 for the fire damage and became subrogated to her rights against Gant. Mrs. McGee seeks additional damages not covered by insurance.
The next building is owned by Ernestine Roux and was also insured by Audubon. This building contained a rooming house and the unfinished J.P. Restaurant and Bar. Mrs. Roux collected $14,630.62 from Audubon, which became subrogated to her rights as well. Mrs. Roux also seeks additional damages not covered by her insurance. Mr. Jake P. Schiele, Jr., who leases space in this building and is the proprietor of the J.P. Restaurant seeks $12,000.00 in damages for which he was not insured.
The third building houses the Vieux Carre Lounge and it is owned by Robert Vaucresson and Maurice A. Fortin. The lounge was insured by Traveler's which paid the owners $4,868.60 and became subrogated to their rights.

THE FIRE'S ORIGIN
The trial court found that the fire began in a locked storeroom in the rear of Peck's. *1156 On appeal Gant contends that the evidence presented at trial was not sufficient to establish that the fire originated in his building. We do not agree.
Several firefighters who were on the scene testified that when they arrived, the fire appeared to be limited to Peck's. Moreover, plaintiff's expert, who examined the scene the following day, testified that a "V" pattern of burning was evident in Gant's building, indicating that the fire began there and spread up and out to the neighboring buildings. The defendant produced an expert who testified that a "V" pattern was present in the McGee building. However, this witness did not view the scene until four months after the fire when renovation of Gant's building had already begun.
The trial judge concluded that plaintiffs theory of the origin and spread of the fire was correct. Factual findings of the trial court will not be disturbed on appeal unless such findings are not reasonably supported by the evidence. Arceneaux v. Dominique, 365 So.2d 1330 (La.1979); see also Barnes v. Wilhite, 434 So.2d 638 (La. App. 3rd Cir.1983). Furthermore, where there is conflicting testimony, a credibility judgment made by the trier of fact will not be disturbed unless it is found to be manifestly erroneous. Bren Lynn Corp v. Vallere, 434 So.2d 600 (La.App. 3rd Cir.1983). The ruling of the court in the instant case regarding the point of origin of the fire is supported by the evidence and is not manifestly erroneous; accordingly, we affirm.

RES IPSA LOQUITUR
Gant contends that the doctrine of Res Ipsa Loquitur should not be applied in this case because the cause of the fire was undetermined and it could have been caused by spontaneous combustion. We disagree.
It is generally accepted that Res Ipsa Loquitur is only applied when:
(1) The event which caused the damage is one which ordinarily does not occur in the absence of someone's negligence.
(2) The damage is caused by an agency or instrumentality within the exclusive control of the defendant or for which the defendant is legally responsible;
(3) The plaintiff has not caused or contributed to his injury.
W. Prosser, Hornbook on Torts, Section 39 (4th ed. 1971).
Louisiana jurisprudence has followed this general rule.
Res Ipsa Loquitur ... sometimes comes into play as a rule of circumstantial evidence, whereby negligence is inferred on the part of a defendant because the facts indicate this to be the more probable cause of the injury in the absence of other as plausible explanations by witnesses found credible.
Boudreaux v. American Insurance Co., 262 La. 721, 264 So.2d 621, 636 (1972); see also Benjamin v. United States Steel Corp., 396 So.2d 332, 337 (La.App. 4th Cir.1981).
While a fire does not usually occur in the absence of someone's negligence its occurrence alone does not necessarily imply negligence on the part of the defendant. Hanover Insurance Co., v. Jacobson Young, Inc., 294 So.2d 564 (La.App. 4th Cir.1974). However, the record in the instant case shows that the back storeroom of Peck's contained no outside doors or windows. The room was always locked and the only keys belonged to Gant and his wife. Mrs. Gant did not testify. On the day of the fire the only people in the restaurant were Gant, his wife, and two employees. Thus it appears that the storeroom was in Gant's exclusive control.
Moreover, flammable substances were stored in the room. Plaintiff's expert testified that the room was so badly burned that it was impossible to determine which, if any, of these substances caused the fire. However, he was able to conclude with certainty that it did originate in Peck's storeroom.
Gant argues that the possibility of spontaneous combustion as an origin of the fire should preclude application of Res Ipsa Loquitur. We do not agree. It has been *1157 held that spontaneous combustion can imply negligence where the defendant or his agents have complete control over the area where the fire began. See Fireman's Fund Insurance Co. v. U.S.F. & G., 276 So.2d 754 (La.App. 3rd Cir.1973).
When viewed as a whole the circumstantial evidence in this case, points to Gant's negligence as the most plausible explanation for the fire. A fire normally does not occur without someones negligence; the storeroom was under Gant's exclusive control; there was no evidence in the record to suggest that any of the plaintiffs contributed to the starting of the fire. We therefore conclude that the trial court properly applied Res Ipsa Loquitur to infer negligence in this case.

DAMAGES OF McGEE, ROUX, AND SCHIELE
Mrs. Helen McGee and the Estate of Percy McGee, Sr., seek damages of $62,500.00 for loss of income and damage to their building beyond the $17,000.00 received from Audubon. We find that neither loss of income nor damages were adequately proven at trial.
McGee claims she lost income from rental units on the second floor of her building as well as from a barber shop and restaurant on the first floor. She testified as to rental rates and related expenses. However, when the court gave her the opportunity to produce records to support her claims, she failed to do so. Claims for lost profits must be proven with a reasonable degree of certainty. Meshel v. INA, 416 So.2d 1383 (La.App. 3rd Cir.1982). A claim based solely on the testimony of the injured party and unsubstantiated by other evidence does not constitute a reasonable certainty. Having failed to meet her burden of proof, the trial court properly denied any award for lost income not covered by insurance.
Mrs. McGee further claims $40,000.00 in damages for repairs to her building not covered by insurance. To support her claim, she produced a myriad of checks and receipts which established that materials were purchased and work was done. However, it is apparent from the record that much of the work was not related to damage caused by the fire. Additionally, many of the contracts included work which was paid for by Audubon. The invoices were not itemized to reflect non-fire related work or amounts already paid by insurance. Mrs. McGee failed to produce any witnesses to establish what portion of the work was not fire related or not covered by insurance. In these circumstances we conclude that she failed to prove damages beyond the $17,000.00 received from her insurer.
Mrs. Roux seeks $10,575.00 for loss of income, furniture, and equipment beyond the $14,630.62 she received from Audubon. Her proof of loss beyond that amount consisted of the same type of unsubstantiated evidence presented by Mrs. McGee. Moreover, her claims for lost income were unsupported by records which Mrs. Roux stated she had but failed to produce in court. The trial court correctly denied recovery of any amount beyond that paid by her insurer.
Finally, Mr. Schiele claims $12,000.00 in damages consisting of $8,000.00 for loss of business and $4,000.00 for physical damage to his restaurant. Mr. Schiele produced no records and did not accurately testify as to the income he earned from his establishment prior to the fire. The record reveals that his business had operated at a loss after it opened in June, 1977. Hence, any award for lost income as a result of the fire would be purely conjectural.
As to the physical damage caused by the fire Mr. Schiele submitted checks which he alleged were partially used to repair the damage. However, his restaurant was not yet finished at the time of the fire and he failed to prove what amounts were used to repair fire damage and what amounts went towards completion of the work which was in progress when the fire occurred. Accordingly, we affirm the trial court's decision to deny any recovery by Mr. Schiele for damages.

*1158 CONCLUSION
The judgment of the trial court is affirmed. All costs of this appeal are of be divided equally between Willie Gant and the Estate of Percy McGee Sr., Helen McGee, Ernestine Roux, and Jake P. Schiele Jr.
AFFIRMED.