JASPER E. JONES, Judge Pro Tern.
These consolidated cases are actions for property damage which arise from a fire which destroyed a rental house and the property of the tenant in the house. Travelers Insurance Company, the insurer of Henry Tyson who owned the house, brought suit in No. 20,532 to recover from the butane gas supplier to the house, Em-piregas, Inc. of Oak Grove, Louisiana, $35,-000.00, the amount it had paid to Tyson for the destroyed house. Mr. and Mrs. Glen Strong, the tenants who occupied the house brought suit in No. 20,533 seeking to recover from Empiregas the value of their property destroyed in the fire.
Shortly before trial, Empiregas settled the Strong’s claim for $45,000.00. Empire-gas then made a third party demand against Travelers and Tyson seeking indemnification for the amount paid to the Strongs. Trial was held before the Hon. Charles K. Brackin, Judge of the Sixth District, as the judges of the Fifth District recused themselves following Mr. Strong’s election as a judge of the Fifth Judicial District.
The trial judge rendered judgment in favor of Travelers against Empiregas for the sum of $29,100.97 and in favor of Empire-gas against Travelers and Tyson for $22,-500.00. Empiregas appeals seeking the reversal of the judgment against it. Travelers and Tyson appeal seeking the reversal of the judgment against them and Travelers seeks an increase of the judgment in its favor to the sum of $35,000.00. We amend and affirm.
The following issues are presented:
(1) Does the strict liability of Tyson and Travelers to the Strongs for the loss of their property constitute contributory negligence or fault to bar Travelers recovery for the loss of the house from Empiregas in this pre-comparative negligence case;
(2) What was the value of the destroyed house;
(3) May Empiregas obtain contribution from Tyson and Travelers for the amount paid the Strongs in settlement of their claims?
FACTS
On February 9, 1980, the residence owned by Tyson and leased to the Strongs was destroyed by fire. The trial judge found the fire was caused by the malfunction of an improperly installed regulator on the house’s butane tank. The tank was owned and serviced by Empiregas. The trial judge also found that Empiregas was negligent by breaching its duty, under regulations of the Louisiana Liquified Petroleum Gas Commission, to inspect the system before servicing it with gas. The trial judge also found that Tyson would have *708 been liable under strict liability to the Strongs for their loss due to a defect, the improperly installed regulator, in the leased premises.
The trial judge rendered judgment in favor of Travelers and against Empiregas for the amount Tyson had paid for the house, $29,100.97, and in favor of Empiregas and against Tyson and Travelers for $22,500.00 which was one-half of the amount of Em-piregas’s settlement with the Strongs. This appeal followed.

Issue No. 1

Empiregas attacks the judgment against it on the grounds that Travelers’ recovery should have been barred by the comparative negligence or fault of its insured. Empiregas argues that Tyson’s strict liability to the Strongs for the loss of their property bars Travelers’ recovery against it for the destruction of the house. We disagree.
Tyson’s strict liability to the Strongs is imposed by LSA-C.C. Art. 2695. However, this strict liability is restricted to the landlord-tenant relationship and does not apply to third parties. Albritton v. J. C. Penney Co., Inc., 385 So.2d 549 (La.App. 3d Cir.1980), writ denied, 393 So.2d 727 (La.1980).
The judgment in favor of Travelers and against Empiregas represents damages for the destruction of Tyson’s house. As between Tyson and Empiregas, Tyson is free from fault or negligence concerning the loss of the house. Tyson owned the house for only a few months before the fire. The defective regulator was installed before Tyson bought the house. There is no evidence that Tyson knew or should have known the regulator was not properly installed. Tyson’s strict liability to the Strongs for the loss of their property does not constitute fault or negligence with regard to Empiregas and the loss of the house.

Issue No. 2

Travelers contends the judgment in its favor should be increased to $35,000.00, the amount it paid Tyson for the loss of the house.
Gary Owens, the original owner of the house, testified it was built in mid-1978 at a cost of approximately $28,300.00. Owens sold the house to Tyson, his grandfather, on August 6, 1979, slightly more than six months before the fire, for $29,100.97. When the house burned, Travelers paid Tyson the policy value, $35,000.00.
Travelers relies on the testimony of Mr. Morris Moore, an insurance agent whose agency had previously written a policy on the house through Farm Bureau Insurance Company. Mr. Moore testified he had no personal knowledge or recollection of information concerning the house. However, he did testify that his files contained a homeowners insurance application (A-33) which was completed by another agent, William May. The application, which was received in evidence, includes a calculation of replacement cost of the house showing a replacement cost of $39,812.00.
The trial judge has wide discretion in assessing property damages. Lemon v. Fein, 467 So.2d 548 (La.App. 4th Cir.1985), writ denied, 472 So.2d 594 (La.1985).
The evidence relied on by Travelers is not persuasive. There is no showing of the validity of the methods used by May in making his calculation. Further, the evidence relied on by Travelers conflicts with the testimony of Owens concerning the actual cost of building the house and with the evidence of its sale price six months before the fire.
On this record, the trial judge was well within his discretion in fixing damages at $29,100.97.

Issue No. 3

Travelers and Tyson contend the judgment in favor of Empiregas against them for contribution should be reversed. 1 We agree.
A negligent joint tortfeasor can seek no contribution from a solidarily liable co-tortfeasor whose liability flows from strict liability and who is not negligent or guilty of actual fault. The strict liability defendant may recover full indemnity from the negligent defendant. Dusenbery v. *709 McMoRan Exploration Co., 458 So.2d 102 (La.1984).
This record contains no evidence of negligence or actual fault by Tyson. Instead, the record shows that the accident was caused by the negligence of Empire-gas in filling the tank with butane without inspecting the system in violation of its duty under the regulations of the Liquified Petroleum Gas Commission.
Under these facts Tyson and his insurer would have been entitled to full indemnity from Empiregas for any amounts paid to the Strongs. Therefore, it is equally true that Empiregas is not entitled to any contribution from Tyson and Travelers for amounts it paid the Strongs. CONCLUSION
The third paragraph of the judgment of the district court is amended to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Travelers Insurance Company and against Empiregas, Inc., of Oak Grove, Louisiana for the sum of Twenty-Nine Thousand One Hundred and 97/100 ($29,100.97) Dollars with legal interest from judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the demands of Empiregas, Inc., of Oak Grove, Louisiana against Henry Tyson and Travelers Insurance Company are rejected. Expert witness fees are set as follows: W.H. Lute — $400.00; A.K. Rosen-han — $600.00; E. Posey — $600.00. Costs in the trial court are taxed against Em-piregas, Inc., of Oak Grove, Louisiana.
As amended, the judgment is affirmed. The costs of appeal are assessed against Empiregas, Inc., of Oak Grove, Louisiana.