GLADYS JACKSON
v.
SIDNEY CALLAGHAN AND ALLSTATE INSURANCE COMPANY
No. 2009-CA-0754.
Court of Appeals of Louisiana, Fourth Circuit.
October 21, 2009.
Not designated for publication
ANTHONY D. IRPINO Irpino Law Firm, L.L.C. New Orleans, LA, K. ADAM AVIN Irpino Law Firm, L.L.C. New Orleans, LA, Counsel for Plaintiff/Appellee.
JAMES L. DONOVAN, JR. Donovan & Lawler, APLC Metairie, LA, NOEL C. YOUNG Law Offices of Harold G. Toscano New Orleans, LA, Counsel for Defendant/Appellant,
Court composed of Judge BAGNERIS, Sr., Judge BELSOME, Judge BONIN.
JUDGE PAUL A. BONIN
Sidney Callaghan and his insurer[1] appeal a judgment awarding his next-door neighbor, Gladys Jackson, $30,000 for property damages[2] she sustained as a result of a fire which originated in his storage shed and which spread to her property. For the reasons which follow, we affirm.

I
Mr. Callaghan and Mrs. Jackson had been adjoining property owners and neighbors for many years. It is undisputed that the fire broke out in Mr. Callaghan's storage shed on April 3, 2004. In his shed Mr. Callaghan was storing left over paint in paint cans, gasoline in a lawn mower and gas container, and propane tanks. This had been his practice for many years. The shed was constructed of plywood and tin. Occupants of both properties heard at least two loud explosions and saw that the shed was on fire.
About that time Ms. Jackson was awakened from an afternoon rest, and Mr. Callaghan was just returning home. Mr. Callaghan, by using his garden hose, attempted to extinguish the fire; but it burned his shed and caught fire to Ms. Jackson's shed and her contents, including sentimental memorabilia. Firefighters arrived and eventually suppressed the fire. The heat from the fire also damaged the siding on the rear of Ms. Jackson's home.
Senior Investigator Paul DeGrange of the New Orleans Fire Department investigated the fire at the scene and testified at the trial. The fire department's investigative report was admitted without objection into evidence. Investigator DeGrange explained that in the course of his investigation he was able to rule out both arson and electrical short as the cause of the fire. He then concluded that the "most probable" cause of the fire was a combination of the stored flammable materials' creating an exothermic reaction. The reason that the reaction occurred in this instance and not in countless other instances where flammable materials are stored is, in Investigator DeGrange's opinion, that the containers were deteriorated to the point where they no longer contained the flammable substances, which then combined. This testimony, including his opinions, was not contradicted.
Mr. Callaghan agreed that he knew not to keep flammable materials together, that he knew of the danger if they were kept in close proximity, and that he tried to keep such things away from each other. Mr. Callaghan testified that he had stored the paint cans for several years and that the two propane tanks were empty. He did not consider it dangerous to store all these items together in his shed. The gas can, the lawn mower, and the paint cans all burned in the fire; the propane tanks were undamaged, according to Mr. Callaghan.

II
The trial judge accepted the fire investigator's uncontradicted conclusions that the cause of the fire was the combination of flammable materials which caused an exothermic reaction and that the materials likely combined because they were in close proximity and their containers had deteriorated. The trial judge determined that Mr. Callaghan had constructive knowledge of the dangerous condition he was creating by the manner in which he stored the flammable materials and that the hazard he created or allowed to exist was foreseeable. In effect, the trial court found that Mr. Callaghan's acts and omissions were unreasonable and that he was at fault for the harm caused to Ms. Jackson.
These are all findings of fact which we review under the manifest error standard. Stobart v. State through Dept. of Transp. & Dev., 617 So. 2d 880, 882 (La. 1993); Rosell v. ESCO, 549 So. 2d 840, 844 (La. 1989). We are required to review the record in its entirety and may only reverse the trial court's factual findings when (1) the record reflects that a reasonable factual basis does not exist for the finding of the trial court and (2) the record establishes that the finding is clearly wrong. Russell v. Noullet, 721 So. 2d 868, 872 (La. 1998); see Mart v Hill, 505 So. 2d 1120, 1127 (La. 1987); Stobart, supra, at 882; Rosell, supra, at 844.
As stated earlier, the only evidence of causation was the uncontradicted testimony of Investigator DeGrange. His testimony met Ms. Jackson's burden to establish causation by a preponderance of the evidence. Jordan v. Travelers Ins. Co., 245 So. 2d 151, 155 (La. 1971); Keith v. Charles Clotworthy Co., Inc., 421 So. 2d 1212, 1214 (La. App. 4th Cir. 1982). Mr. Callaghan simply offered no other explanation, reasonable or otherwise, of what caused the fire. As the Louisiana Supreme Court stated in Jordan, supra, "proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not." 245 So. 2d at 155. "[C]ircumstantial evidence need not negate all other possible causes of injury. It suffices if the proof excludes other reasonable hypothesis[sic] only with a fair amount of certainty. Naquin v. Marquette Cas. Co., 153 So. 2d 395 (1963)." Lemon v. Fein, 467 So. 2d 548, 552-53 (La. App. 4th Cir. 1985).
This court stated in Louisiana Joint Underwriters of Audubon Ins. Co. v. Gant, 439 So. 2d 1153, 1156-57 (La. App. 4th Cir. 1983),
A fire normally does not occur without someones[sic] negligence; the storeroom was under . . . [the defendant's] exclusive control; there was no evidence in the record to suggest that any of the plaintiffs contributed to the starting of the fire.
and affirmed the trial court's judgment holding the defendant liable for damage caused by the spread of the fire where flammable substances had been stored in the defendant's storeroom. The plaintiffs' expert testified that the room was so badly burned that it was impossible to determine which, if any, of these substances caused the fire. However he was able to conclude with certainty that it did originate in the defendant's storeroom. Id.
With respect to the trial court's finding that Mr. Callaghan had constructive knowledge of the dangerous condition he had created, a review of the record clearly supports that finding. As this court stated in Lemon,
[W]hen the origin of a fire cannot be proved with exactness and a plaintiff presents sufficient evidence, either direct or circumstantial, excluding all other reasonable hypothesis[sic] except the defendant's fault, then the burden shifts to the defendant to prove otherwise.
Lemon, supra, 467 So. 2d at 553.
Mr. Callaghan admitted that he was aware of or knowledgeable about the dangers of storing flammable materials in close proximity to each other because of the possibility of the materials combining to cause a fire. He admitted that the paint cans with paint had been stored for some years in the shed, but did not testify if or when he had ever inspected the paint cans, or the gas can, for container deterioration. The trial court's conclusion that Mr. Callaghan's conduct was negligent that his conduct fell below the standard of care required of an ordinary personis not manifestly erroneous. See Stobart, supra, 548 So. 2d at 882.

III
Accordingly, the judgment in favor of Gladys Jackson and against Sidney Callaghan and Allstate Insurance Company rendered on February 19, 2009, is affirmed.
NOTES
[1] Allstate Insurance Company.
[2] The amount of damages is not at issue in this appeal.